[Civ. No. 1970.   First Appellate District.—December 5, 1916.]

## MILLER & LUX, INCORPORATED, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—FOREMAN IN CONSTRUCTION OF BUILDING ON RANCH OF CORPORATION—NATURE OF EMPLOYMENT.—The employment of a carpenter, by a large corporation engaged in many and divers occupations, to act as foreman over a number of other carpenters, in the erection of a building on one of the numerous ranch properties of the corporation, which involved an engagement of several months of regular and recurring labor, is not a casual employment, but an employment in the usual course of the trade, profession, or occupation of his employer within the provisions of the Workmen's Compensation Act.

ID.—EMPLOYMENT IN CONSTRUCTION OF FARM-HOUSE—ARTISAN NOT ENGAGED IN FARM LABOR.—A carpenter employed in the construction of a building on farming property is not engaged in farm labor within the meaning of section 14 of the Workmen's Compensation Act.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to annul an award of compensation made by the State Industrial Accident Commission.

The facts are stated in the opinion of the court.

Edward F. Treadwell, for Petitioner.

Christopher M. Bradley, for Respondents.

THE COURT.—This is a petition for a writ of review. The facts of the case are undisputed. They show that Sidney Eligh entered the employ of the petitioner early in the month of August, 1915, as a carpenter and as the foreman in charge of the construction of a fourteen room cottage upon one of the numerous properties of the petitioner known as the Button Willow ranch, located in Kern County, California, and containing about one hundred thousand acres of land; said building when completed was to be occupied by other employees of the petitioner upon this ranch. After having continued in this employment for a period of fifty-seven days,

Eligh suffered an injury to one of his eyes during the course of his duties in and about the building, which injury formed the basis of his claim for compensation presented to the Industrial Accident Commission. Upon the hearing before the commission the applicant received an award for his said injuries. The petitioner herein seeks to review such award upon the ground chiefly that the applicant's employment was casual and not in the usual course of the trade, business, profession, or occupation of his employer.

The record discloses that Miller & Lux, Incorporated, is an institution which, both by its articles of incorporation and by a long course of business conduct, has been and is engaged in many and divers occupations. The purposes of this corporation as set forth in its articles are very comprehensive, embracing, among other things, the power to "construct such buildings, structures, and improvements as may be necessary or desirable in order to carry on the business of a wholesale and retail butcher; also to purchase, lease, or otherwise acquire, hold, possess, use, improve, sell, mortgage, encumber, or otherwise dispose of every kind of property." The proofs before the commission showed that the petitioner herein was, and for many years had been, engaged in a considerable number of diversified lines of business permitted under the enumeration of its corporate purposes and powers, including the construction, improvement, and repair of buildings of various kinds upon its numerous properties, and requiring the constant employment of carpenters upon one or other of its ranches. In the particular work of which the injured applicant was engaged to be the foreman six or seven other carpenters were also employed, the work of construction having occupied nearly two months between the date of the applicant's employment and his injury. Upon proof of these facts the commission made its findings to the effect that the applicant's injury arose out of and happened in the course of his employment in the erection of a cottage for employees upon the premises of the employer, the business or occupation of whom being that of wholesale and retail butcher, wholesale and retail merchandising, farming, and horticulture and real estate dealing; and that the erection and construction of cottages for its employees was in the usual course of its said business or occupation; that at the time of said injury applicant was not engaged in any of the occupations or employ-

ments excepted by section 14 of the Workmen's Compensation Act from the provisions of said act. These findings the petitioner herein assails as unsupported by any sufficient evidence, and upon several specific grounds.

The petitioner's first contention is that the applicant's employment was casual and not in the usual course of the trade, business, profession, or occupation of his employer. It is to be noted that in order to sustain this contention we must find the proofs entirely lacking in respect to both of its elements. The applicant's employment at the time of his injury must have been "casual," and must also have been not in the usual course of the trade, business, profession, or occupation of his employer. Without further reviewing or analyzing the proofs before the commission, we are satisfied that they sufficiently show that the applicant's employment was neither casual nor out of the usual course of the several extensive and diversified lines of business or occupation in which the petitioner at the time of applicant's injury was engaged. The cases collected with much industry and cited by counsel for the petitioner will, when analyzed, show that the rule depended in each case upon its particular state of facts; and that as to these facts they may each be easily differentiated from the case at bar. To hold that the applicant's employment to act as foreman over a number of other carpenters in the erection of a fourteen room building, involving an engagement of several months of regular and daily recurring labor, to be "casual" would, in our opinion, restrict the operation of the statute beyond its reasonable and liberal interpretation; and also to hold that the applicant's employment as a carpenter to do work upon one of the petitioner's extensive properties where, in order to the maintenance of its many and diversified activities, buildings were being constantly erected or improved, and where, in direct connection with the particular property upon which the applicant was employed, other carpenters were kept constantly and regularly engaged, would not constitute an employment in the usual course of the trade, business, profession, or occupation of his employer, would be to do violence both to the record herein and to the spirit and purpose of the provisions of the Workmen's Compensation Act. We think, therefore, that the petitioner's contention in both of the above respects cannot be sustained.

The petitioner makes the further contention that because it was, in the conduct of the ranch upon which the applicant received his injury, essentially a farmer, the applicant must be held to come within the express exclusion of section 14 of the Workmen's Compensation Act [Stats. 1913, p. 284], as being one engaged in farm labor. We are unable to follow the refinement of the petitioner's reasoning so far as to hold that because the operations of the petitioner are so diversified and extensive as to require regular employment of carpenters in the construction, improvement, and repair of buildings upon the ranch properties, that such artisans when so employed are to be regarded as engaged in farm labor. Such a construction would lead us entirely away from the evident objects of the Workmen's Compensation Act.

We are of the opinion that the writ should be dismissed, and it is so ordered.