Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of CHARLES WHITE for Compensation under the Workmen's ·Compensation Law, *v.* JAMES LOADES, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier.

Third Department, May 2, 1917.

**Workmen's Compensation Law — hazardous employment — employee injured while placing threshing machine in barn —farm laborers.**

A man who is traveling through the country with a threshing machine and stopping from place to place to thresh for farmers for compensation, is not engaged in farming and his employees are not farm laborers.

A day laborer employed in working and moving such a machine injured while putting the machine in a barn, by the wheels striking an obstruction, throwing the wagon tongue against him, was engaged in the operation of a vehicle, a hazardous employment, within the meaning of the Workmen's Compensation Law.

CERTIFICATION by the State Industrial Commission to the Appellate Division, Third Department, of the following question: " Was the said Charles White, the claimant herein, engaged in a hazardous employment within the· meaning of the Workmen's Compensation Law at the time he received the personal injuries for which the award was made? "

*Bertrand L. Pettigrew [Walter L. Glenney* with him on the brief], for the employer and insurance carrier.

*Robert W. Bonynge,* for the Industrial Commission.

KELLOGG, P. J.:

The employer was carrying on the business of operating a steam machine for the threshing of grain and beans. The machine was moved from place to place for custom work. The claimant was a day laborer employed in working and moving said machine. When moving it from one place to another, while putting the separator in the barn, a wheel struck some obstruction, throwing the wagon tongue around, striking the claimant on his right knee, causing his injury. We think the case comes within group 41 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws

of 1914, chap. 41), the operation of a vehicle.   (*Matter of Costello* v. *Taylor*, 217 N. Y. 179.)

By subdivision 4 of section 3 of the Workmen's Compensation Law, farm laborers and domestics are not within the protection of the act; but a man who is traveling through the country with a machine, and stopping from place to place to thresh out the grain and beans of the farmers for a compensation, is not engaged in farming, and his employees are not farm laborers.   He was running a threshing machine, and while that was not declared a hazardous business, the fact that the machine went from place to place like a wagon or vehicle, and upon wheels, brought it within the group stated, and the injury that came to the claimant arose from the operation of a wagon or vehicle — that is while putting it in the barn.

We answer the question in the affirmative — that the claimant was engaged in a hazardous employment at the time he received his injury.

All concurred.

Question certified answered in the affirmative.