In the Matter of the Claim of FANNIE A. UHL, Respondent, against THE HARTWOOD CLUB et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law – forestry and logging for pecuniary gain.**

Where the owner of a large tract of woodland cuts and sells the lumber upon it regularly, although that work may be incidental to his main business, he is engaged in forestry and logging for pecuniary gain within the definition of the Workmen's Compensation Law.

*Uhl* v. *Hartwood Club,* 177 App. Div. 41, affirmed.

(Argued June 8, 1917; decided July 11, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 16, 1917, affirming an award of the state industrial commission under the Workmen's Compensation Law.

*William H. Foster* and *James B. Henney* for appellants.

*Merton E. Lewis,* Attorney-General (*E. C. Aiken* of counsel), for respondent.

*Per Curiam.* The commission has found that the appellant was engaged in the operation of a country club and in connection therewith in the business of ice harvesting, forestry and logging; that it conducted this business for pecuniary gain; that Uhl was at the time of his death employed by it as a lumberman and while so employed was killed.

We think there was ample evidence to support these findings.

Whether a club or an individual owning a tract of woodland is or is not engaged in forestry and logging for pecuniary gain is a question of degree. It could not be said that the owner of a city lot who cut a tree and sold the timber was so engaged. Nor where a farmer here and there felled trees on his farm. But where the owner of a large tract of woodland cuts and sells the lumber upon it regularly, although that work may be incidental to his main business, he comes within the definition of the statute.

The order appealed from should be affirmed, with costs.

CHASE, COLLIN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.