[S. F. No. 8750. In Bank.—August 12, 1918.]

ARTHUR GEORGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—EMPLOYMENT AS JANITOR AND GARDENER—INJURY IN TRIMMING TREE—HORTICULTURAL LABOR.—Under the Workmen's Compensation Act, the Industrial Accident Commission is without jurisdiction to award compensation for an injury

received by a person employed in the dual character of janitor and gardener, whose duties were to look after school grounds and to clean schoolrooms, where the injury was received while he was engaged in cutting off the stump of a large limb of an acacia tree which projected over the roof of the schoolhouse, to remedy the unsightly condition of the tree, which condition was caused from a previous cutting made by him to permit the better entry of light into one of the schoolrooms.

'APPLICATION for a Writ of Certiorari originally made to the Supreme Court to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

B. V. Sargent, and Vincent Surr, for Petitioner.

C. M. Bradley, and McCutchen, Olney & Willard, for Respondents.

SLOSS, J.—*Certiorari* to review an order of the Industrial Accident Commission dismissing the application of Arthur George for an award of compensation. The commission found that ''at the time of the injury the applicant was engaged in horticultural labor, and that this commission is without jurisdiction in this proceeding.'' (Workmen's Compensation Act, [Stats. 1913, p. 284], sec. 14.) The petitioner contends that the finding just quoted is without support in the evidence.

George was employed as janitor and gardener by Miss Mary E. Wilson, who conducted a school for girls at Berkeley. The school buildings stood on a tract of about two acres, much of which was under cultivation. It was George's duty to look after the grounds and to clean the schoolrooms. In August, 1917, Miss Wilson ordered him to trim an acacia tree which interfered with the entry of light to a schoolroom. George cut off portions of two limbs of the tree. The tree was unsightly after the operation, and in October Miss Wilson directed George to remedy this condition. George accordingly cut off the stump of a large limb which projected over the roof of the schoolhouse. By means of a rope he lowered to the roof the limb thus removed. He then, according to his testimony, untied the rope, which slipped out of his hand quite suddenly, whereupon he fell to the ground, sustaining the injuries upon which he bases his claim.

Whether or not George, at the time of his injury, was engaged in horticultural labor was a question of fact to be determined by the commission. Its finding thereon, if supported by any rational view of the evidence, is beyond review here. On the testimony in the record, it cannot be said that the conclusion of fact drawn by the commission was an unreasonable or improper one. George's employment was dual in character. In so far as he acted as a gardener, his work was horticultural and beyond the purview of the Compensation Act. In so far as his duties were those of a janitor, his employment was not exempt from the terms of the act. His claim is that the work in which he was engaged had for its primary purpose the improvement in the condition of the schoolroom with respect to light, and that he was, therefore, acting as janitor, rather than as gardener. It may be doubted whether the premise justifies the conclusion. Be that as it may, the removal of the obstruction to light was completed when George first trimmed the tree in August. His injury occurred a couple of months later, in the course of a further cutting, the purpose of which was to improve the appearance of the tree. It is certainly a gardener's work to trim ornamental trees and keep them sightly, and this is the work in which the petitioner was engaged at the time he was hurt. Even though the necessity for it may have arisen from something done by him in another capacity, we cannot doubt that it was open to the commission to find, as it did, that he was engaged in horticultural labor when carrying out the later instructions of his employer.

The order is affirmed.

Shaw, J., Wilbur, J., Melvin, J., Richards, J., *pro tem.*, and Lorigan, J., concurred.