[S. F. No. 8853. In Bank.—February 17, 1919.]

## MILLER & LUX INCORPORATED (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

WORKMEN'S COMPENSATION ACT—INDUSTRIAL ACCIDENT COMMISSION— JURISDICTION — FINDINGS — CERTIORARI.—In a proceeding in *certiorari* to annul an award of the Industrial Accident Commission, where it is clear that an ultimate finding that the employee was not engaged in any of the occupations or employments excluded by section 14 of the Workmen's Compensation, Insurance and Safety Act of 1913 from the provisions of the act, is really based upon the probative facts found, if the latter fail to establish the jurisdiction of the commission, the petitioner must succeed.

ID.—FINDINGS OF FACT—WHEN REVIEWABLE BY COURT.—Findings of fact by which the Industrial Accident Commission determines itself clothed with jurisdiction are reviewable by the supreme court.

ID.—CONSTITUTIONALITY OF ACT—GROUNDS OF.—The Workmen's Compensation Act is held constitutional only because it imposes a charge, not upon the individual employer, but upon the branch of industry in which he is engaged, and gives the employer opportunity of protecting himself by proper insurance.

ID.—EXEMPTED INDUSTRY—FARMING.—The law of California has exempted the farming industry from the operation of the Workmen's Compensation Act, and if a worker upon a farm may be reason-

ably classified as one engaged in agriculture, his employer is clearly entitled to the benefit of this exemption.

ID.—FARMING—DIVERSIFIED INDUSTRIES—CLASSIFICATION OF WORKMEN. While it is true that an employer may be engaged in several sorts of industry, some of them within and some of them without the purview of the Compensation Act, and that an employee may at different times do work of one kind or the other, it is equally a fact that where from the great extent and complexity of farming operations on a given rancho the work of the farmers is classified and each is given a limited, rather than a diversified duty, that circumstance alone will not make some of them artisans rather than agriculturists.

ID.—REPAIRING FARM MACHINERY—STATUS OF EMPLOYEE.—The repairing of farming machinery on a farm, in a shop devoted to such repairs, is an agricultural pursuit, and is one of the employments excluded by provisions similar to section 14 of the Workmen's Compensation, Insurance and Safety Act.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.  Award annulled.

The facts are stated in the opinion of the court.

Edward F. Treadwell, for Petitioner.

Christopher M. Bradley, for Respondent.

MELVIN, J.—*Certiorari* to review an award of the Industrial Accident Commission in favor of W. V. Fish and against petitioner Miller & Lux Incorporated.

The findings of the Industrial Accident Commission upon which the attack of petitioner's counsel is directed are as follows:

"1. That W. V. Fish, hereinafter called the employee, the applicant herein, was injured on the 15th day of December, 1917, at Buttonwillow, Kern County, California, while in the employment of defendant Miller & Lux Incorporated, hereinafter called the employer, as a wagonmaker in a shop operated by the employer for the sole purpose of repairing vehicles and implements used by the employer in its farming operations, the whole time of the employee being given to said occupation.

"2. That said injury arose out of and in the course of said employment, was proximately caused thereby, and oc-

curred while the employee was performing service growing out of and incidental to the same, as follows: His right hand was caught in 'a moving planer, the wound becoming infected.

"3. That at the time of said injury the employee was not engaged in any of the occupations or employments excluded by section 14 of the Workmen's Compensation, Insurance and Safety Act of 1913 from the provisions of said act; and that said injury was not caused by wilful misconduct or intoxication of the employee."

It is argued by the counsel for respondent that the third finding is conclusive—that in such cases we cannot go behind the determination of the commissioners upon matters of fact. In this behalf he cites *Smith* v. *Coles* (1905), 93 L. T. 754, 8 W. C. C. 116 (Minton-Senhouse). It is true that in that case, in which the county court judge had found that a carpenter employed about a farm as a handy man was a workman in agriculture, certain of the justices held that there being evidence to support the finding, they might not upset it, but in the matter at bar the learned commissioners found as a probative fact that the applicant was employed "as a wagonmaker in a shop operated by the employer for the sole purpose of repairing vehicles and implements used by the employer in its farming operations, the whole time of the employee being given to said occupation." It is clear, therefore, that the ultimate finding is really based upon the probative facts found, and if they fail to establish the jurisdiction of the commission, petitioner must succeed. Findings of fact by which the Industrial Accident Commisson determines itself clothed with jurisdiction are reviewable by this court. (*Great Western Power Co.* v. *Pillsbury*, 170 Cal. 180, [149 Pac. 35].) The sole question, therefore, is whether or not a workman, whose sole duty is to repair wagons in a shop operated on a farm for the purpose of keeping the agricultural implements and vehicles used on the farm in order, is engaged in farm or agricultural labor within the meaning of section 14 of the Workmen's Compensation Act. [Stats. 1915, p. 913.]

At the threshold of the inquiry we should keep in mind the fact that the Compensation Act is held constitutional only because it imposes a charge not upon the individual employer, but upon the branch of industry in which he is

engaged, and gives the employer opportunity of protecting himself by proper insurance. (*Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, [151 Pac. 398].) The law of California has exempted the farming industry from the operation of this statute, and if a worker upon a farm may be reasonably classified as one engaged in agriculture, his employer is clearly entitled to the benefit of this exemption. While it is true that an employer may be engaged in several sorts of industry, some of them within and some of them without the purview of the Compensation Act, and that an employee may at different times do work of one kind or the other, it is equally a fact that where from the great extent and complexity of farming operations on a given rancho, the work of the farmers is classified and each is given a limited, rather than a diversified duty, that circumstance alone will not make some of them artisans rather than agriculturists. Numerous illustrations suggest themselves. If the mower who stops to use a whetstone on his scythe remains a farmer, is the boy who is set to work sharpening all the farming tools used on the place engaged in an occupation entirely outside of farming? Clearly not. So it has been held that a woodchopper or one removing stumps or brush from a farm is not an artisan within the contemplation of the act. (*Miller* v. *Algar,* 2 I. A. C. Dec. 558; *Martin* v. *Russian River Fruit & Land Co.,* 1 I. A. C. Dec. [pt. 2] p. 18; *Whitney* v. *Peterson,* 1 I. A. C. Dec. [pt. 2] 306.) Commenting upon two of the authorities last cited, this court (all the justices participating) has used the following language: "The accident commission has held that a woodchopper engaged in cutting and burning trees in clearing land for farming purposes is engaged in farm labor. (*Whitney* v. *Peterson,* 1 Decisions of the Industrial Accident Commission of California, p. 306.) It has also been held that when land has been cleared for agriculture, one who operates a saw to cut the wood on the cleared land into suitable lengths for sale is engaged in farm labor. (*Miller* v. *Algar,* 2 Industrial Accident Decisions, 558.) If Snow had been found to be an employee on the farm who, as part of his duties, was required to repair the tractor, we could not see how he could be adjudged not a farm laborer under those decisions." (*Maryland Casualty Co.* v. *Pillsbury,* 172 Cal. 748, at page 750, [158 Pac. 1031, 1032].) This aspect of

the matter has been aptly discussed by the supreme court of New York in the case of *Coleman* v. *Bartholomew,* 175 App. Div. 122, 124, 161 N. Y. Supp. 560, 561, as follows: "It was the clear intent of the legislature to exclude farm laborers from the benefits of the compensation law, and it only remains for us to define 'farm laborers.' The common hired man on a farm is required to perform a great variety of work. His duties are not confined to plowing, planting, and harvesting. Tilling the soil and garnering the crops may be the principal work of the farm laborer, but they are by no means his exclusive work. All the multifarious work of operating a farm must be done by somebody; and who is to do it except the farm laborer? It is, of course, necessary to keep the farm machinery in repair—the reapers, mowers, corn-harvesters, sulky-plows, wagons, harnesses, etc. It is just as necessary to keep the farm buildings in repair, and occasionally to make small additions to them. This is a part of the routine work of the farm laborer; just as much so as milking the cows, cleaning off the horses, building fences, putting a new point on a plow, doctoring a sick horse, butchering the hogs, greasing the wagons, assisting the threshers, driving the team to market, and innumerable other familiar duties." In that case the farm laborer was engaged, when injured, in repairing the roof a barn.

But, at the outset of the argument in his brief, counsel for the Industrial Accident Commission insists that the question before us has been settled in California adversely to petitioner's contention, and cites in that behalf *George* v. *Industrial Acc. Com.,* 178 Cal. 733, [174 Pac. 653], and *Miller & Lux Incorporated* v. *Industrial Acc. Com.,* 32 Cal. App. 250, [162 Pac. 651]. We cannot agree with that view. In the George case the claimant was found to be engaged in two occupations for the same employer, and his duty at the time of the accident was found to be that of a gardener. This court sustained the Industrial Accident Commission upon the finding that in his capacity as a gardener the applicant might not recover—a conclusion which supports rather than opposes the argument of petitioner in the matter now before us. The other proceeding dealt with a case in which a man was, and had been for many months, engaged in the building of a house and was injured while so occupied. The Industrial Accident Commission found that petitioner was

engaged in the business of wholesale and retail butcher, wholesale and retail merchandising, farming, horticulture, and real estate dealing. It did not appear that the house which the injured man was helping to build was to be used for any particular sort of fellow workmen. In this state of the record the learned district court of appeal used the following language in the opinion: "We are unable to follow the refinement of the petitioner's reasoning so far as to hold that because the operations of the petitioner are so diversified and extensive as to require regular employment of carpenters in the construction, improvement, and repair of buildings upon the ranch properties, that such artisans when so employed are to be regarded as engaged in farm labor." In the matter now under discussion there was an entirely different record, involving the employment of the workman upon repair of vehicles used in the farming operations of his employer alone.

While the authorities on this branch of the compensation statutes of the various jurisdictions are somewhat in conflict, the weight and the better reasoning support the contention of petitioner that the repairing of farming machinery on the farm, in a shop devoted to such repairs, is an agricultural pursuit, and is one of the employments excluded by provisions similar to section 14 of the Workmen's Compensation, Insurance and Safety Act.

In *Shafer* v. *Parke, Davis & Co.*, 192 Mich. 577, [159 N. W. 304], the workman was injured while engaged in caring for horses on a farm. While the farm was one owned by a manufacturer of chemicals and was conducted principally for the production of serums for the laboratory, the supreme court of Michigan held that the injured man was a farm laborer. Respondent's counsel insists that this case supports his contention that the statute does not classify the employee by the ordinary business of his employer, but by the kind of work he, himself, is employed to do. This is only partly true, because in determining the class of labor in which an employee is engaged, it is often necessary to take into consideration the work ordinarily done by persons in the kind of business which the employer is conducting. A man repairing broken harness for use on a farm is, in a sense, doing the same sort of work to which he might be assigned in a saddler's shop in town, but that mere fact.

does not classify him as a person engaged in manufacturing because the custom of farmers, from time immemorial, has been to make minor repairs of that sort. There are good examples of the rule that laborers may be classified as farm workers, although not actually tilling the soil. Such illustrations are to be found in those decisions upon statutes giving to agriculturists liens for their work. A cook for a threshing crew who asserted a lien as a farm laborer was held to be entitled to it, as her work contributed directly to the garnering of the crops. (*Stevenson* v. *Magill*, 35 N. D. 576, [L. R. A. 1917D, 377, 160 N. W. 700].) In *Winslow* v. *Urquhart*, 39 Wis. 260, a cook for a logging crew was held to be performing labor in cutting and moving logs; and in *Breault* v. *Archambault*, 64 Minn. 420, [58 Am. St. Rep. 545, 67 N. W. 348], a cook for the men in a logging camp and a blacksmith employed to mend the tools and sleds and to shoe the horses used in the logging business were both held to be entitled to liens under a like statute. Our own Industrial Accident Commission of California has decided that a cook employed on a cattle ranch to prepare meals for the workmen was engaged in farm labor and stockraising and was excluded from the provisions of the Compensation Act. (*Olsen* v. *Rogers Development Co.*, 2 I. A. C. Dec. 560.)

In *Sylcord* v. *Horn*, 179 Iowa, 936, [162 N. W. 249], it was decided that one assisting in the operation of a cornshredder on a farm is a "laborer engaged in agricultural pursuits."

In *State* v. *District Court of Watonwan County*, 140 Minn. 398, [168 N. W. 130], a man who fell from a harvester upon which he had been making repairs was held to be a "farm laborer," the court following *Sylcord* v. *Horn, supra,* and citing without approval *White* v. *Loades*, 178 App. Div. 236, [164 N. Y. Supp. 1023], which was a case of a man injured while putting a threshing-machine in a barn. While it is declared in the opinion in the case last cited that "a man who is traveling through the country with a machine, and stopping from place to place to thresh out the grain and beans of the farmers for a compensation, is not engaged in farming, and his employees are not farm laborers," compensation seems to have been awarded upon the theory that at the time of the accident the employee was engaged in the

"operation of a vehicle" and was thus brought within the scope of the compensation statute of New York.

In *Vincent* v. *Taylor Bros.*, 180 App. Div. 818, [168 N. Y. Supp. 287], a workman connected with a traveling thresher was injured while feeding bundles into that machine on a farm on which his employer had undertaken to do the threshing. The work was found not to be "milling," as the commission had declared it to be, and the award was, therefore, set aside. The court held that the facts did not bring the accident under the rule of *White* v. *Loades* as to vehicles, but followed that case upon the *dictum* that the employee was not a farm laborer. However, the case was sent back for further hearing, Mr. Justice Lyon, who prepared the opinion, using the following language: "Whether facts may have been disclosed by the investigation of the commission, which do not appear in the record, but which influenced the deputy commissioner, before whom the proofs were heard, to make the award—for instance, that the employers were in fact engaged in the milling business and that the threshing was incidental to their acquiring the grain for such business—does not appear, nor has the commission so found."

*In re Boyer* (Ind. App.), 117 N. E. 507, holds squarely, however, that a man is not a farm laborer who works on a separator that goes from farm to farm and is operated as an independent business, although the injury was received while the claimant was threshing wheat. The decision really rests upon an analogy between the threshing by an independent contractor and the work of a miller. The following sentence in the opinion illustrates well the fact that the "threshing-machine cases" are of small value in deciding the question now before this court. "If farmers generally owned threshing outfits, and were in the habit of threshing their own grain, and the claimant had been employed by the farmer to assist in the work of threshing, and had been injured while doing such work, a more serious question would be presented."

That a farm laborer who assists his employer during the winter in getting out logs cut on the farm is, nevertheless, a farm laborer when so doing, was held in *Brockett* v. *Mietz*, 184 App. Div. 342, [171 N. Y. Supp. 412].

It was held, however, that a country club which cut and sold lumber regularly from a large tract of land owned by it was engaged in logging for pecuniary gain, although the work was incidental to the main business of operating a country club. (*Uhl* v. *Hartwood Club*, 221 N. Y. 588, [116 N. E. 1000].)

From the foregoing it appears, we think, that the great weight of authority, as well as the better reasoning, brings the claimant who was repairing vehicles and implements on the farm within the class of persons excluded from the operation of the Compensation Act because engaged in "farm labor."

The award is annulled.

Shaw, J., Wilbur, J., Lennon, J., and Angellotti, C. J., concurred.