## C. R. DAILEY v. E. D. BARR.[1]

December 14, 1923.

No. 23,635.

**Employe on steam dredge within compensation act.**

One employed upon a steam dredge in a drainage project is not excluded from the compensation act as coming within the class designated as "farm laborers."

[1] Reported in 196 N. W. 266.

Upon the relation of E. D. Barr the supreme court granted its writ of certiorari directed to the district court of Blue Earth county and the Honorable W. L. Comstock, judge thereof, to review proceedings brought under the Workmen's Compensation Act by C. R. Dailey, employe, against relator, as employer.   Affirmed.

*Carl S. Strom* and *C. O. Dailey*, for relator.

*S. B. Wilson*, for respondent.

DIBELL, J.

Certiorari to review the judgment of the district court of Blue Earth county awarding to the plaintiff compensation under the Workmen's Compensation Act.

The defendant had a contract for the construction of a county ditch in Blue Earth county some 7 or 8 miles long. It was to be dug by a floating steam dredge. He had the usual equipment. The plaintiff was in his employ. In fixing a boxing of the hoisting engine he had occasion to cut some metal, using a hammer and chisel, and a piece from it struck and injured his eye. The injury occurred on January 18, 1921.

It is the claim of the defendant that the plaintiff is excluded from the operation of the act as a farm laborer by G. S. 1913, § 8202, as amended by Laws 1915, p. 258, c. 193, which provides that it shall not apply to "domestic servants, farm laborers," etc.

The defendant relies largely upon State v. District Court of Watonwan County, 140 Minn. 398, 168 N. W. 130, L. R. A. 1918F, 198, where it was held that an employe of the owner of a steam threshing outfit, his employment being that of a "separator man", going from farm to farm with the machine, was a farm laborer, and not entitled to compensation. The question is one of statutory construction. In our judgment it is not the intent of the statute to exclude a dredgeman on a ditching project such as here involved from the compensation act as coming within the designation of "farm laborers." We are not to be understood as saying that a laborer working on a ditch is never a farm laborer. We are speaking only to the facts before us. A note gathering some of the cases is found in 7 A. L. R. 1291, 1297.

The defendant makes a number of other points, all of which we have considered and now mention but none of which call for discussion. There was no error in not requiring the complaint to be made more definite. The defendant found it sufficient when he answered. The testimony of the physician of the plaintiff was admissible as an expert though he did not make a specialty of the eye. There was no settlement between the plaintiff and the defendant for the latter's injuries. There was no error in refusing a continuance for further evidence as to the extent of the injuries. The evidence sustains all of the findings.

Judgment affirmed.

Wilson, C. J., having been of counsel, took no part.