ANDERSON v. LAST CHANCE RANCH CO. et al.

No. 4112.   Decided July 2, 1924.   (228 Pac. 184.)

1. MASTER AND SERVANT—CARPENTER WORKING ON RANCH HELD ENGAGED IN "AGRICULTURAL LABOR" AT TIME OF INJURY, AND NOT ENTITLED TO COMPENSATION. One employed as carpenter's helper by a ranch company, to assist in building a house on the ranch land for its manager, and requested by some one in authority to assist farm laborers in carrying groceries into

the basement of the house, during which he was injured, *held* engaged at time of injury in agricultural labor, in view of Comp. Laws 1917, § 3110, subd. 2 (as amended by Sess. Laws 1919, c. 63), and section 3111, and not entitled to compensation.

2.   MASTER AND SERVANT—INJURY SUSTAINED IN CONSTRUCTING BUILDING FOR EMPLOYER ENGAGED IN AGRICULTURAL BUSINESS, HELD NOT COMPENSABLE; "USUAL COURSE OF BUSINESS OR OCCUPATION." A ranch company, building a house as a residence for its foreman or manager, was not engaged in the construction of buildings in the "usual course of its business or occupation," within Comp. Laws 1917, § 3110, subd. 2, as amended by Sess. Laws 1919, c. 63, so as to bring those employed on the house within the provisions of the act.[1]

Petition for compensation, under the Workmen's Compensation Act, by C. T. Anderson, opposed by the Last Chance Ranch Company and others. The industrial Commission denied the petition, and claimant applies for writ of certiorari.

AFFIRMED.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

THURMAN, J.

This is an application for a writ of certiorari to review the proceedings of the Utah Industrial Commission, denying plaintiff's petition for compensation under the Utah Industrial Act (Comp. Laws 1917, §§ 3061-3165). Upon the evidence submitted to the Commission, it found the following facts:

"(1)   That the defendant, Last Chance Ranch Company, is a corporation in the state of Utah, and that its general business is

[1] *Jones* v. *Ind. Comm.,* 55 Utah, 489, 187 Pac. 833; *Davis* v. *Ind. Comm.,* 59 Utah, 607, 206 Pac. 267.

See 2 C. J. p. 983; Workmen's Compensation Acts, § 35.

that of agriculture; that W. A. Dunlap is the principal stockholder in said corporation; that said defendant owns about 640 acres of land in the western portion of Tooele county; that on the 4th day of August, 1923, the said defendant company employed a number of men on its ranch, varying from three to fifteen; that in the month of May the said defendant company concluded to build a house upon its ranch, to be occupied by Mr. W. A. Dunlap, general manager of said ranch, and for that purpose employed in addition to the regular farm hands, three men to work upon the construction of the house; that these three men were H. P. Anderson, a skilled carpenter, Mr. C. T. Anderson, the applicant, as a carpenter's helper, and Mr. Oscar Anderson, a skilled carpenter; that the said C. T. Anderson, the applicant, durin all the time he was employed by said defendant company, worked exclusively upon said house, and that Oscar Anderson worked exclusively upon said house; and that H. P. Anderson, while confining his work almost exclusively on the house, did on one or two occasions work in the hay fields, and also performed work in removing certain fences and outbuildings upon the ranch.

"(2)   That on the 4th day of August, 1923, C. T. Anderson was injured while carrying a box of groceries into the basement of the house; the applicant started to work on the morning of the 4th on the house, and was requested by some one in authority to discontinue work for a short time to assist in carrying certain boxes of groceries into the basement of the house, and while carrying said box of groceries he sustained the injury complained of, namely, his finger coming in contact with a nail protruding from the doorway of the basement, scratching, bruising, and lacerating the same, as a result of which infection took place; that by reason of said injury the applicant has been temporarily totally disabled up to the present time, and required medical aid and attention; that the said boxes of groceries were placed in the basement by the applicant, and several farm hands were assisting him in that work; said groceries were for use and consumption upon said farm by the various workmen thereon, including the applicant; that at the time of said injury Mr. W. A. Dunlap, general manager of the ranch, and his family, occupied the building upon which the applicant was working."

Upon the foregoing findings the Commission entered conclusions to the effect that plaintiff at the time of his injury was engaged in agricultural labor, and upon that ground held that his claim for compensation should be denied.

The findings of fact are not in dispute; the conclusions therefrom are vigorously challenged.   The contention of

plaintiff seems to be that it is the character of the work in which the employee is engaged as the time of his injury that determines his right to compensation, and not the general or usual business of the employer. Whether the right to compensation is determined by the general or usual business of the employer, or by the character of business in which the employee is engaged at the time of the injury, depends entirely upon the intent of the statute which determines the right. Comp. Laws Utah 1917, § 3110, subd. 2, as amended in Sess. Laws 1919, at pages 155, 156, reads:

"Every person, firm, and private corporation, including every public utility, that has in service three or more workmen or operatives regularly employed in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written, except agricultural laborers and domestic servants: Provided, that employers who have in service less than three employees and employers of agricultural laborers and domestic servants shall have the right to come under the terms of this title by complying with the provisions thereof and all rules and regulations of the Commission.

"The term 'regularly,' as herein used, shall include all employments, whether continuous throughout the year or for only a portion of the year. It means all employments in the usual course of the trade, business, profession or occupation of an employer.

"Where any employer procures any work to be done, wholly or in part, for him by a contractor over whose work he retains supervision or control, and the work so procured to be done is a part or process in the trade or business of said employer, then such contractor and all persons employed by him, and all subcontractors under him, and all persons employed by any such subcontractors, shall be deemed, within the meaning of this section, employees of such original employer. Any person, firm or corporation engaged in the performance of work as an independent contractor, shall be deemed an employer within the meaning of this section. The words 'independent contractor' as herein used, are defined to be any person, association or corporation engaged in the performance of any work for another, and while so engaged, is independent of the employer in all that pertains to the execution of the work is not subject to the rule or control of the employer, is engaged only in the performance of a definite job or piece of work, and is subordinate to the employer only in effecting a result in accordance with the employer's design."

It appears from the record that the Commission was of

opinion that the general business of the employer was the controlling factor in determining the nature of the employment and the right to compensation. The statute is clearly susceptible of that interpretation. Indeed, the language is plain and unambiguous. It will be noted that, in the statute quoted, in determining who are employers and defining the term "regular," the following language is used:

"It means all employments *in the usual course of the trade, business, profession, or occupation of an employer.*"

Again in section 3111, in determining who are employees, after enumerating the classes included, the statute reads:

"But not including any person whose employment is but casual *and is not in the usual course of trade, business, or occupation of his employer.*" (Italics supplied.)

The Commission found that the general business of the defendant Ranch Company was "that of agriculture." By the term "general business" we are forced to conclude that the Commission meant "usual course of business, trade, or occupation," thereby bringing the case within the exclusion provisions of the statute.

As before stated, the findings are not challenged. The only question is: Do the findings warrant the conclusion that plaintiff at "the date of the injury was engaged in agricultural labor?" In a narrow and restricted view of the transaction, plaintiff at the very moment of his injury was an agricultural laborer. He was assisting farm laborers in moving boxes containing groceries for use on the farm. In the broader sense he was a carpenter's helper, for that was the work he had been doing all the time from the date of his employment down to the moment he stepped aside, at the request of his employer, to assist in removing the boxes. We are not inclined to dispose of the case upon the narrow view above referred to. If, for instance, it could be determined from the record that the defendant was carrying on two different kinds of business, each independent of the other, one agricultural and the other the construction of buildings, the writer would find his way clear to hold that plaintiff was injured while engaged as an assistant in the construction of buildings, notwithstanding

the injury occurred while momentarily engaged in removing boxes containing groceries for use on the farm. In the case supposed, the construction of buildings would have been his regular employment, and also the regular business of his employer. The authorities are uniform, as far as I am advised, in holding that the same employer can be engaged in two or more different kinds of business, trade, or occupation unconnected with one another, and all or some of them, nevertheless, be within the provisions of the Industrial Act.

As a necessary corollary from what has been stated, the controlling question is: Was the defendant Ranch Company, in addition to its agricultural business, also engaged as a business, trade, or occupation in the construction of buildings, or was the the construction of the building in question merely incidental to its farming business, so much so as to be rightly considered a part thereof? If the former, we are of opinion plaintiff comes within the Industrial Act, and is entitled to compensation. If the latter, he is excluded by the statute, and the order of the Commission should be affirmed.

The Commission did not find, and under the evidence could not have found, that the defendant Ranch Company was also engaged in the business, trade, or occupation of constructing buildings. All of the evidence and inferences logically deducible therefrom show conclusively that the building was being constructed as a residence for the foreman or manager of the ranch and his family, and that portions of the building were being actually used as such by him at the time of the injury complained of. There is not a syllable of evidence tending to show that the Ranch Company was engaged in the construction of buildings as an independent business, trade, or occupation. These considerations irresistibly lead to the conclusion that the findings and conclusion of the Commission were right. The usual course of the business and occupation of the defendant Ranch Company was that of agriculture, and that was the nature of plaintiff's employment when he received his injury.

In view of the plain and unambiguous language of the statute hereinbefore quoted, we prefer to rest our decision upon the statute as it reads rather than to appeal to adjudicated cases which do not appear to shed much light upon the question involved. I am of opinion, however, that such analogies as do exist, even in the cases cited by plaintiff, greatly preponderate in support of the views herein expressed. We cite, without comment, from plaintiff's brief the following cases., Honnold, Workmen's Compensation, vol. 1, page 193; *Matis* v. *Schaeffer*, 270 Pa. 141, 113 Atl. 64; *Jones* v. *Ind. Comm.*, 55 Utah, 489, 187 Pac. 833; *Davis* v. *Ind. Comm.*, 59 Utah, 607, 206 Pac. 267; *Miller & Lux, Inc.*, v. *Ind. Acc. Comm.* of California, 32 Cal. App. 250, 162 Pac. 651; *Dailey* v. *Barr* (Minn.) 196 N. W. 266; *Uphoff* v. *Ind. Board*, 271 Ill. 312, 111 N. E. 128, L. R. A. 1916E, 329, Ann. Cas. 1917D, 1; *O'Dell* v. *Bowman*, 189 App. Div. 386, 179 N. Y. Supp. 592; *Mullen* v. *Little*, 186 App. Div. 169, 173 N. Y. Supp. 578; *George* v. *Ind. Acc. Comm.* of California, 178 Cal. 733, 174 Pac. 653; *In re Boyer*, 65 Ind. App. 408, 117 N. E. 507; *Shafer* v. *Parke, Davis & Co.*, 192 Mich. 577, 159 N. W. 304; *Hanna* v. *Warren*, 77 Ind. App. 1, 133 N. E. 9; *Bates* v. *Shaffer*, 216 Mich. 689, 185 N. W. 779; *Farrin* v. *State Ind. Acc. Comm.*, 104 Or. 452, 205 Pac. 984; *Helmuth* v. *Ind. Acc. Comm.* of California, 59 Cal. App. 160, 210 Pac. 428; *Miller & Lux, Inc.*, v. *Ind. Acc. Comm. of California*, 179 Cal. 764, 178 Pac. 960, 7 A. L. R. 1291, annotated at page 1296; 28 R. C. L. at page 718.

The cases above cited by plaintiff are all cases in which the question was whether or not the injured employee was excluded from the act exempting agriculture, vitaculture, forestry, and horticulture. It will be observed that in most of the cases the employee was found to be in the excluded class. There is an irreconcilable conflict in some of the cases, depending somewhat upon the varying statutes, but considered as a whole they lend little or no support to plaintiff's contention, nor do they make against the views herein expressed. In R. C. L., supra, in discussing

the question as to whether the injury comes within the compensation act, the author says:

"The test is the work actually performed by the employee and not the general occupation or purpose of the employer."

On its face the language quoted seems to favor plaintiff's contention. The text refers to the note to *Uphoff* v. *Ind. Board* of Ill., supra, Ann. Cases 1917D, at page 10. Upon examination of the reference it will be seen that what' is said concerning the subject discussed in the text is based entirely upon a New York statute materially different from our own.

The principal case, however (*Uphoff* v. *Ind. Board*, of Ill., supra), is of sufficient importance to justify a brief review. Uphoff was a farmer and employed a carpenter to build a corncrib. The business of farming, the same as here, was not within the Industrial Act. We quote the following excerpt from the syllabus at page 1 (Ann Cas. 1917D):

"* * * Section 5 defines an employee as every person in the service of another under any contract of hire, but not including any person whose employment is but casual or is not engaged in the usual course of the trade, business, profession, or occupation of his employer. A farmer engaged a carpenter to build a corncrib, and the carpenter was injured by a metal splinter which flew off of his hammer. The carpenter was engaged for no particular time, but it appeared that he was to continue work until the building was fully completed. It is held that, as the farmer was not engaged in the business or occupation of building, and as the construction of the corncrib could not be classed as an enterprise which is an undertaking of hazard, nor could it be considered as an extrahazardous business, the statute is not applicable; the farmer not having elected to come within its provisions, which did not include the occupation of farming."

It will be seen that the language excluding certain employees from the provisions of the act is identical with the italicized provisions of the Utah act hereinbefore quoted, and the facts of the case are strikingly similar. Furthermore, in that case the Industrial Board found in favor of the applicant for compensation and the superior court of Cook county sustained the award. Notwithstanding the

decision of these tribunals, the Supreme Court on appeal reversed the decision, and directed that the award be set aside and held for naught.

The case of *George* v. *Ind. Acc. Comm.*, 178 Cal. 733, 174 Pac. 653, also cited by plaintiff, is of peculiar interest, as illustrating the narrow ledge upon which some ·of the decisions stand.    The plaintiff, George, was employed by a person conducting a school for girls.    The school building stood upon a tract of land of about two acres, much of which was in cultivation.    It was George's duty to look after the grounds and to clean the schoolrooms.   In August, 1917, he was directed by his employer to trim an acacia tree which obstructed the light to one of the schoolrooms.   George cut off portions of two limbs of the tree.   The tree was unsightly after the operation, and in October his employer directed him to remedy the condition.   He did so and in process of the work he was injured.  His business as janitor was within the Industrial Act; that relating to gardening and horticulture was excluded.   The Commission found that, at the time of his injury, he was employed in horticulture. In its review of the case on certiorari the opinion of the California Supreme Court is brief but interesting.   The effect of the decision is that the Commission was justified in finding that the first operation on the tree was for the benefit of the school, while the last operation was to improve the appearance of the garden; hence there was no liability. The obvious corollary is that the unfortunate employee received his injury at the wrong time.   We cite the case, without approval or disapproval, merely to illustrate the exceedingly fine distinction made by some of the courts in passing upon questions analogous to the one presented here.

Even if, under any theory of the law, it could be held that the Commission was wrong in holding that the plaintiff here at the time he received his injury was engaged as an agricultural laborer, the result must, nevertheless have been the same; for, as we have already held, the general and usual business of his employer was that of agriculture, and not that of constructing buildings.   So that in any event

plaintiff was excluded by the statute under which he claims compensation.

For the reasons stated, the findings and conclusions of the Commission are affirmed.

**WEBER, C. J., and GIDEON, CHERRY, and FRICK, JJ., concur.**

