[S. F. No. 13841.   In Bank.—November 28, 1930.]

R. D. LACOE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., and JOHN SWANSON, Respondents.

Sweet & Plank and Franklin A. Plank for Petitioner.

G. C. Faulkner and Edward O. Allen for Respondents.

LANGDON, J.—This is a petition by an employer to review an order of the Industrial Accident Commission awarding compensation to an employee.

R. D. Lacoe, the employer and petitioner herein, was the owner of a thirty-acre tract of land in San Diego County. Part of the property was occupied by a residence, an employee's house and a garden. The rest was devoted to agricultural purposes. John Swanson and his wife were hired as general caretakers. Mrs. Swanson was to do the housework and John Swanson the outside work. In the latter's testimony we find the following statement: "My duties were to do farm work, put in the crop when it was the season, and do garden work, and carpenter work which was specified, and that was what I had been doing mostly, carpenter work and trimming trees and taking care of horses." Lacoe testified that he hired Swanson and his wife because he wanted somebody to take care of the place, so that when he came there "it would be running", and "of course that necessitated making a garden and cleaning up the place, and also there was work that would be necessary on it, like all country homes". He wanted Swanson to build fences, trim trees and brush, and, in short, "to do anything that I do".

Shortly after he was hired, while attempting to cut off a limb of a tree, Swanson fell from the tree and was injured. The commission found that the applicant, "while employed . . . as a gardener . . . sustained injury arising out of and in the course of said employment . . . ", and made an award of compensation.

Certain employments are expressly excluded from the benefits of the Workmen's Compensation Act, although a procedure is provided by which the employer and employee thus excluded may jointly elect to come within the act. (Workmen's Compensation Act, sec. 70; Deering's General Laws, Act 4749, p. 1755.) Prior to 1927, among the excluded employments were ''farm, dairy, agricultural, viticultural or horticultural labor''. (Workmen's Compensation Act, sec. 8[a].) In 1927, these types of employment were to a large extent brought within the act by the following amendment: ''Any employer and his employees engaged in farm, dairy, agricultural, viticultural or horticultural employments or in stock or poultry raising, not subject to the compensation provisions of the 'Workmen's Compensation, Insurance and Safety Act of 1917', as amended, shall, from and after the date this act takes effect, be *conclusively presumed to have accepted the compensation provisions of said act* and amendments thereto and to have included in their contract of hire or apprenticeship, express or implied, a mutual agreement to accept said provisions, *unless either such employer or employee shall, prior to the occurrence of any injury have given notice of rejection* of said provisions of said act in the manner herein provided.'' (Deering's General Laws, Cons. Supp., Act 4749a, p. 1480.) (Italics ours.)

No notice of rejection was given by the employer or the employee in the instant case. The amendment, however, does not cover the excluded employment of ''household domestic service'', nor was any election to come within the act made in the instant case. The issue is therefore clearly presented. If Swanson was engaged in agricultural or horticultural labor at the time of his injury, he is entitled to compensation; but if he was engaged in ''household domestic service'' he is not so entitled.

The argument of petitioner rests mainly upon the proposition that ''domestic'' duties include any that have to do with the dwelling or adjoining buildings accessory thereto. It is contended that if they contribute to the maintenance of the home, it is immaterial whether they are performed inside or outside the walls of the dwelling. The case of *Catto* v. *Plant,* 106 Conn. 236 [137 Atl. 764], is much re-

lied upon in this connection. The court there held that an assistant gardener, employed to care for the house grounds on a country estate, came within the definition of a "domestic servant". It would be profitless for us to consider the precise effect of the word "household" in the California statute, as a limitation on the meaning of "domestic service". The important problem which this case presents cannot be solved by any definition of the terms in the abstract, but requires a determination of the intent of the legislature in making them a part of the particular act.

■ Both by constitutional provision (Cal. Const., art. XX, sec. 21) and by legislative enactment (Workmen's Compensation Act, sec. 69[a]) it is the duty of the courts to interpret this act with a view toward making compensation as general as may be practicable and reasonable. ■ Examining the sections on excluded employments we find that from the general compensation provisions certain exceptions are made. The basic exclusion is of labor which is "casual and not in the course of business". The next is of "household domestic service". The intention here is plainly to exclude employments of a *personal* as distinguished from an *industrial* character, for *domestic service* as such is not excluded; such employment in hotels, apartments and boarding-houses is within the act. The exception formerly made of agricultural and similar employment is, since 1927, practically eliminated. This is a persuasive indication of the legislative object of wider operation of the compensation law. The amendment of 1927 would also seem to suggest that the scope of the exception of "household domestic service" should be carefully restricted. Formerly it was unnecessary to draw any close line between such employments as, for example, gardening and housework, since both were excluded. Now, the inclusion of horticultural and agricultural labor necessitates the drawing of such a line, and since the amendment was designed to increase the group of compensated employments, the interpretation should be one which will carry out that intention. Of paramount importance, however, is the express declaration of the statute: "Whenever this act, or any part or section thereof, is interpreted by a court, it shall be liberally construed by such court with the purpose of extending the benefits of the act

for the protection of persons injured in the course of their employment.'' (Workmen's Compensation Act, sec. 69[a].)

The foregoing discussion leads us to conclude that in the solution of problems such as that before us here, our inquiry must be this: Is the employment *unmistakably excluded* by the terms of the act? If it is not, we are bound to uphold the finding and award of the Commission. Under this view, we find no difficulty in deciding the instant case. Swanson's work was, as respondent Commission has suggested, in a middle zone; he was doing odd jobs, which had too little connection with the household to be properly classified as domestic, and yet were not of such industrial character as to come within the ordinary meaning of farm, agricultural or horticultural labor. Such employment cannot be placed squarely in either classification of the statute. The legislature, no doubt in recognition of the impossibility of laying down any positive rule for such marginal employments, has apparently left it for the Commission to determine, in each instance, whether the injured person was at the time of the injury engaged in an included or excluded employment. The case of *George* v. *Industrial Acc. Com.*, 178 Cal. 733 [174 Pac. 653], is very persuasive in this connection. At the time of this decision, horticultural labor was an excluded employment. George was employed as a janitor and gardener. While cutting a limb of a tree, he was injured. The Commission found that at the time of the injury he was engaged in horticultural labor, and dismissed his application. The court said (p. 735): ''Whether or not George, at the time of his injury, was engaged in horticultural labor was a question of fact to be determined by the Commission. Its finding thereon, if supported by any rational view of the evidence, is beyond review here. On the testimony in the record, it cannot be said that the conclusion of fact drawn by the Commission was an unreasonable or improper one. George's employment was dual in character. In so far as he acted as a gardener, his work was horticultural and beyond the purview of the Compensation Act. In so far as his duties were those of a janitor, his employment was not exempt from the terms of the act.''

The conclusion seems irresistible that where the employee has various duties and performs labor of widely different

types, the employment is not to be forced, by a strained definition of terms or an artificial rule of construction, into the excluded or the included classes. The proper characterization of the employment in such cases presents a question of fact for the Commission to determine. The evidence in the instant case amply supports the finding that at the time of the accident the employee was engaged in horticultural labor, and on the basis of this finding, the award should be and is hereby affirmed.

Curtis, J., Shenk, J., Waste, C. J., Richards, J., Preston, J., and Seawell, J., concurred.