Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SANFORD O'DELL, Respondent, for Compensation under the Workmen's Compensation Law, *v.* CHARLES E. BOWMAN, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — farm laborer — farm purchased for speculation — labor performed in improving buildings and general appearance of farm — injury received while picking apples.**

Where a building contractor and speculator purchased a farm for the purpose of improving the same and eventually making a sale thereof at a profit, and with no intention of carrying on farming operations, and in fact did not engage in farming but erected buildings thereon and made various other improvements, all of which was done for the purpose of improving the place and increasing its value, a person employed by him to help in making such improvements is not a farm laborer within the meaning of the Workmen's Compensation Law, and is entitled to an award for injuries received by a fall from a ladder while engaged in picking apples from a tree which he had been ordered to prune, which work was being done, not for the purpose of marketing the fruit, but for the sole purpose of improving the appearance of the place.

The fact that one is working on a farm does not make him a farm laborer unless farming is in operation or unless constructive or other work is being done by him in anticipation of farming or in aid thereof; merely improving the physical appearance of farm land for the purpose of selling the same is not farming.

APPEAL by the defendants, Charles E. Bowman and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 19th day of February, 1919.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant was injured by a fall from a ladder which he had mounted for the purpose of picking apples from a tree, and the question in the case is whether or not he was at the time a farm laborer, and as such not entitled to compensation under the exceptions contained in the Workmen's Compensation Law. The employer was a building contractor and speculator, who had bought the farm where the tree stood, for the purpose of improving the place, and eventually making a sale of the farm at a profit. He made his purchase in May, 1918, and through the days from then until the fifth of October following, when the accident occurred, he erected a cow stable 100 feet long by 30 feet wide, built a silo, and made various other improvements. During all this time the claimant was engaged in carrying lumber, mixing cement and doing other odd jobs. There were 120 acres in the farm, but it had not been cultivated or occupied for fifteen years. There were no cattle upon the place, nor, during the spring and summer of 1918, was there any plowing, cultivating, planting or harvesting done thereupon, by the employer or any other person. The employer testified that he was not a farmer, that he did not buy the farm to farm it, and that his purpose at all times was to improve the farm to sell it, but never himself to farm it. On the day of the accident the claimant was sent out to prune a few apple trees. It was not the purpose of the employer to harvest the apples, nor did he ever sell them. He desired only to prune the trees for the sake of appearances to make the place look more attractive. It was in the course of the work so ordered to be done that the claimant was injured. It seems very clear to me that the claimant was not a farm laborer. There is no farm labor, and hence no farm laborer, unless farming is in operation, or unless constructive or other work is being done, in anticipation of farming or in aid thereof. In this instance there had been no

farming for fifteen years. No farming was being done by the employer and no farming was in anticipation except remotely by a possible purchaser from the employer. I think, therefore, that the claimant was not excepted from the operation of the Compensation Law and that he was entitled to an award.

The award should be affirmed.

Award unanimously affirmed.