Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of LOUIS BALL, Respondent, for Compensation under the Workmen's Compensation Law, *v.* Estate of FRANCES BERTELLE (FRANK J. BERTELLE, E. OSCAR BERTELLE, AMANDA BERTELLE, LULU F. ROBERTS), Employers, Appellants.    Third Department, July 6, 1922.

Workmen's Compensation Law — relation of parties — independent contractor — when carpenter employed by owner of building to make repairs is independent contractor, not employee.

A carpenter engaged by the owner of a building to repair certain roofs and a veranda at odd times during evenings and Saturdays, who furnished a part of the material, who received no directions from the owner before the work began or during the progress thereof, except as to the roofs to be patched and the places upon the veranda to be repaired, was an independent contractor and not an employee of the owner, and, therefore, his claim for compensation under the Workmen's Compensation Law should be dismissed.

APPEAL by the defendants, designated as the Estate of Frances Bertelle, from a decision and award of the State Industrial Board, entered in the office of said board on or about the 28th day of September, 1921.

*Dirnberger & Moore* [*M. F. Dirnberger, Jr.,* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The appellants were the owners of certain buildings, some of the rooms of which were occupied by tenants. One of the appellants, Frank J. Bertelle by name, had charge of the buildings, collected rents and caused repairs to be made. The claimant, by occupation a carpenter, was engaged by Frank J. Bertelle to repair certain roofs and to make repairs to a veranda. The claimant agreed to do the work at odd times during evenings and Saturdays. He brought his own tools to the work and furnished the nails which were required. The appellants furnished the shingles to be used in patching the roofs. Aside from indicating to the claimant the roofs to be patched and the places upon the veranda where repairs were desired Frank J. Bertelle gave no directions to claimant before the work began or during the progress of the work. He at no time exercised authority over claimant or supervised the performance of the work. Bertelle testified that he asked the claimant what he would charge for the work; that the claimant, without stating a price, replied, " I won't rob you." The claimant testified that he told Bertelle he would charge him one dollar and five cents an hour. With this exception their testimony is in entire accord. The claimant proceeded to do the work in his own way, at times chosen by himself, without directions as to the manner in which the work should be performed, and without stipulation as to the time when it should be completed. In the course of the work he sustained an accidental injury for which an award against these appellants as his employers has been made.

It was said in *Hexamer* v. *Webb* (101 N. Y. 377): " The test to determine whether one who renders service to another does so as a contractor or not is to ascertain whether he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished." In *Matter of Litts* v. *Risley Lumber Co.* (224 N. Y. 321) it was said: " In the instant case Litts was an independent contractor. He agreed to do a specific

49

piece of work for the company. In doing it he had absolute control of himself and his helper. He was independent as to when, within a reasonable time after the agreement was made between him and the company, and as to where he should commence the work. He was free to proceed in the execution of it entirely in accordance with his own ideas. He was not to any extent subject to the directions of the company in respect of the method, means or procedure in the accomplishment. He was not subject to a discharge by the company because he did the painting in one way rather than in another. Those facts, considered by themselves, would constitute him an independent contractor." This claimant, who represented " the will of his employer only as to the result of his work, and not as to the means by which " it was accomplished, met the test furnished by the *Hexamer* case. He met equally well all the tests of the *Litts* case, and within these and many other cases not necessary to mention he was clearly not an employee but an independent contractor.

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.