Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of GEORGE F. BACHE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* SALVATION ARMY, Employer, and the EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, July 6, 1922.

Workmen's Compensation Law — relation of parties — independent contractor — when carpenter engaged by owner to make alterations in building is independent contractor — employee of said contractor not employee of owner.

A carpenter engaged in business on his own account, employed by the owner of a building to make certain alterations, who furnished from three to five men and material on both of which he received a profit, was an independent contractor, although on particular occasions, in his absence, directions were given by the representative of the owner as to the particular places where he desired the work to progress and the particular kind of work to be done, and, therefore, an employee of said contractor was not an employee of the owner of the building so as to be entitled to compensation under the Workmen's Compensation Law.

APPEAL by the defendants, Salvation Army and another, from decisions and awards of the State Industrial Board, entered in the office of said Board on or about the 31st day of May, 1921, and on or about the 30th day of December, 1921, respectively.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

The question in this case is whether the claimant was an employee of the Salvation Army. There is no dispute as to any material question of fact. The Salvation Army desired certain alterations to be made to its stock rooms and offices in its building at No. 126

2

West Fourteenth street, New York city. Mr. Wing was engaged in the carpenter business on his own account and had a place of business near the Salvation Army building. He was employed by the Salvation Army to make the desired alterations in its building. For that purpose he furnished all the labor and material. The work continued from November 15, 1920, until January 11, 1921. In the performance of the work he employed at different times from three to five men including the claimant and also worked on the job himself. He paid his men, including the claimant, nine dollars a day. He charged the Salvation Army ten dollars a day for each man. On his own responsibility he purchased the material and charged the Salvation Army therefor, receiving a profit on the material thus furnished. For the labor and material thus furnished he was paid by the Salvation Army over two thousand dollars. While at work on this job the claimant received an injury resulting in the loss of his right eye. We have here the very common transaction of a mechanic or contractor furnishing labor and material in repairing a building for another and for which repairs he is paid either a reasonable compensation or a price fixed by the terms of the contract. The men employed by him are not ordinarily employees of the owner of the building. In the present instance there was no contractual relation between the claimant and the Salvation Army. It is a matter of indifference that on particular occasions in the absence of Mr. Wing, directions may have been given by the representative of the Salvation Army as to the particular places where he desired the work to progress and the particular kind of work to be done. He did not assume to give directions as to the method of performance or the means or procedure in the accomplishment of the work. (See *Thorn* v. *Clark,* 188 App. Div. 411; *Matter of Litts* v. *Risley Lumber Co.* 224 N. Y. 321.) Whatever directions were given by this representative were such as would have been given to Mr. Wing if he had been present indicating the nature of the work desired and did not affect the relationship of the parties. In the case last cited it was said: " The fact that during the progress of the work the company told Litts to do certain acts which were essential to the performance of the agreement, that is, to scrape off and paint well the rusty spots, is not inconsistent with his status or relation as an independent contractor. The relation permitted the company to exercise the degree of control essential to secure the fulfillment of the contract and which did not deprive Litts of the right and opportunity to do the painting in the way he wished. [ *Uppington* v. *City of New York,* 165 N. Y. 222; *Boyd* v. *Chicago & N. W. Ry. Co.,* 217 Ill. 332; *Carleton* v. *Foundry & Machine Products*

*Co.,* 199 Mich. 148; 165 N. W. Rep. 816.]" There is no evidence that the claimant owed any allegiance to the Salvation Army nor any responsibility to it as its employee. It seems very clear that he was not an employee of the Salvation Army but of Mr. Wing, an independent contractor. (See, also, *Ball* v. *Estate of Bertelle,* 201 App. Div. 768, decided herewith, opinion by H. T. KELLOGG, J.)

The awards should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Awards reversed and claim dismissed, with costs against the State Industrial Board.