Before STATE INDUSTRIAL BOARD, Respondent.
CHARLES MILLARD, Claimant, Respondent, *v.* MARY G. TOWNSEND,
Appellant.

Third Department, January 10, 1923.

**Workmen's compensation — farm owner is not engaged in business for pecuniary gain while tearing down old barn and salvaging material — carpenter injured while tearing down building not entitled to compensation.**

A farm owner is not engaged in the business of demolishing a building for pecuniary gain while tearing down an old barn on her premises and salvaging the material, where it appears that the barn was located on a farm which the owner had rented and that it was being torn down for the purpose of putting the farm in condition for farming for a new tenant whose lease was about to begin.

Accordingly, a carpenter, employed by the day to do the work in his own way and furnish his own tools, who was injured in the course of his employment, is not entitled to compensation.

APPEAL by the defendant, Mary G. Townsend, from an award of the State Industrial Board, made on the 5th day of May, 1922.

*Weeds, Conway & Cotter* [*Thomas B. Cotter* and *Frank E. Smith* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

*Patrick J. Tierney,* for the respondent, claimant.

HINMAN, J.:

Mrs. Townsend, the employer, appellant, was the wife of a school teacher. Her principal occupation or business was that of housekeeper. She owned a farm which she rented. The farm was about to be occupied by a new tenant. She occupied a small portion of the farm as the residence of herself and her husband, consisting of a dwelling house, a barn and ten acres of land. There was a separate house known as the tenant house and there were other barns and farm buildings, which were located on the farm outside of the property upon which she resided, which were covered by the lease. The claimant was a carpenter and was employed by the defendant by the day to tear down a barn which was on the farm property which had been leased. This barn had been injured in a storm and was in such condition that it could not be used. Her idea was to tear it down and use the material in rebuilding or in repairing other farm buildings. The claimant was thus directed to save all the good lumber and to remove the nails and pile it up. Beyond

these directions the claimant apparently was to do the work in his own way, furnish his own tools and to do the work alone. While the claimant was at work in tearing down the barn, he was hit by a heavy timber and injured his leg for which an award has been granted. The accident happened in March, 1921.

The State Industrial Board has found that claimant " was employed as a carpenter by Mary G. Townsend, engaged in the business of demolishing a building for pecuniary gain." The State Board also found as follows: " The farm on which the said barn was located was owned by Mary G. Townsend, but leased to a tenant, and she was having the said barn demolished for pecuniary gain, in that she was to utilize the good timber therein for the purpose of using the same in other buildings that she might erect and did erect on property owned by her. Mary G. Townsend was not engaged in the operation of a farm, nor was Charles Millard engaged in the performance of farm labor."

We do not see how this award can be sustained. If the claimant was not a farm laborer within our decision in *Coleman* v. *Bartholomew* (175 App. Div. 122), simply because his employer was not at that time engaged actually in farming but had rented the farm to another although the work done was " in anticipation of farming or in aid thereof " (*O'Dell* v. *Bowman*, 189 App. Div. 386, 387), and if the claimant was not an independent contractor although he seems to have represented " the will of his employer only as to the result of his work, and not as to the means by which it is accomplished " (*Hexamer* v. *Webb*, 101 N. Y. 377; *Matter of Litts* v. *Risley Lumber Co.*, 224 id. 321; *Ball* v. *Estate of Bertelle*, 201 App. Div. 768; *Bache* v. *Salvation Army*, 202 id. 17), it seems clear that the award cannot stand upon the finding of the State Industrial Board that the said Mary G. Townsend was " engaged in the business of demolishing a building for pecuniary gain " or that " she was having the said barn demolished for pecuniary gain, in that she was to utilize the good timber therein for the purpose of using the same in other buildings that she might erect and did erect on property owned by her." She was not engaged in a hazardous trade, business or occupation for pecuniary gain. (Workmen's Compensation Law, § 3, subd. 5, as amd. by Laws of 1917, chap. 705.) It is true that she was demolishing a building and salvaging the material. (Workmen's Compensation Law, § 2, group 42, as amd. by Laws of 1918, chap. 634.) It is equally true that it was clearly to her profit to salvage the material for the purpose of using it to erect a new barn or to repair other buildings upon her farm. The fact is, however, that she was not engaged in any " business " in so doing. Her principal business was that of housewife, a non-

hazardous business. She was not a building contractor and real estate speculator as was the employer in the case of *O'Dell* v. *Bowman (supra)*. She owned this one farm so far as the record shows and she had already rented it and she was putting the farm in condition for farming for the new tenant, whose lease was about to begin. One who tears down a single building upon his own premises for the purpose of salvaging the material in order to erect a new barn upon such premises cannot be said to be engaged in the business of " demolition of buildings " or of " salvage of buildings or contents " within the meaning of the Workmen's Compensation Law. In the case of *Uhl* v. *Hartwood Club* (221 N. Y. 588, 589) the Court of Appeals said: " Whether a club or an individual owning a tract of woodland is or is not engaged in forestry and logging for pecuniary gain is a question of degree. It could not be said that the owner of a city lot who cut a tree and sold the timber was so engaged. Nor where a farmer here and there felled trees on his farm. But where the owner of a large tract of woodland cuts and sells the lumber upon it *regularly*, although that work may be incidental to his main business, he comes within the definition of the statute." Such an isolated act or transaction such as was being accomplished by the appellant as the owner of this farm cannot be deemed the carrying on of a business. The statute and we think the Constitution itself (N. Y. Const. art. 1, § 19) contemplates that the term " business " shall relate to that which is carried on regularly for pecuniary gain so that the moneys paid for compensation by the employer engaged in such a business may become " a proper charge in the cost of operating the business of the employer."

The determination in the case of *Matter of Bargey* v. *Massaro Macaroni Co.* (218 N. Y. 410) has been largely nullified by subsequent amendment of the statute but it is significant to note that the Court of Appeals there said that where a company employed a carpenter to make repairs and improvements to one of its buildings such company " did not carry on the occupation of constructing, repairing and demolishing buildings for pecuniary gain." The court added: " This conclusion is obvious beyond the need of discussion."

The award should be reversed and the claim dismissed, with costs in favor of the appellant against the State Industrial Board.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HASBROUCK, JJ., concur.

Award reversed and claim dismissed, with costs in favor of the appellant against the State Industrial Board.