Before State Industrial Board, Respondent.

Aaron Adel, Respondent, *v.* J. B. Rubin and Another, Appellants.

Third Department, November 13, 1924.

**Workmen's compensation — relationship — claimant, who was engaged to paint pipes in building with materials furnished by him and who was not under direction of owner, was independent contractor.**

The claimant was an independent contractor and not an employee of the defendant at the time of the accident on which this claim is based, since it appears that the claimant was an employee of the contractor engaged in work in the building; that independently of his relations with the contractor he undertook, for the owner of the building, to paint some pipes, without supervision or direction by the owner; and that at the time of the injury he was engaged in painting the pipes with paint belonging to the contractor.

Appeal by the defendants, J. B. Rubin and another, from an award of the State Industrial Board, made on the 16th day of May, 1924.

*Jeremiah F. Connor,* for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

Cochrane, P. J.:

This award should have been denied because the claimant was an independent contractor. The alleged employer owned a seventeen-story loft building the second story of which it used as a salesroom in its business of selling coats and suits. A contract for work of some kind not definitely shown in connection with the building was in process of execution by a contractor. Claimant is a painter and worked for said contractor. Independently of that contract he undertook to paint some pipes for the owner in the second story of the building occupied by itself which work was not included in the contract above mentioned. It was estimated that the work would require only a few hours although the president of the owner corporation testified he thought it would take a day or two. The price was not definitely fixed but the inference is that it was to depend on the time required for the performance of the work. Nothing was said about who was to furnish the paint but the claimant used paint of the contractor in performing the main contract above mentioned. After working about two hours claimant stepped on a cornice of a closet about ten feet from the floor which cornice broke and he fell to the floor and sustained the injuries for which the award has been made. The

owner of the building does not appear to have given any directions to claimant except to indicate the pipes he desired to have painted. The owner of any building must on occasions summon painters, plumbers or other mechanics to perform small jobs in repairing or improving his building. He does not ordinarily at such times subject himself to the liabilities of the Workmen's Compensation Law. The person whose services in such cases are invoked is a skilled workman responsible to the owner only for the result of his work but the workman decides for himself as to the method, means or procedure of accomplishing the work. It is within his discretion as to the method and detail which he employs in its accomplishment. This case does not differ in principle from the ordinary one above described where the owner of a building avails himself of the services of a mechanic to perform some slight work on his building. The principles applicable to such a case were discussed in *Matter of Beach* v. *Velzy* (238 N. Y. 100) and *Ball* v. *Bertelle* (201 App. Div. 768) and those principles must control the determination in this case.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.