Before State Industrial Board, Respondent.

Frank Daly, Respondent, *v.* Blount Lumber Company and Another, Appellants.

Third Department, July 1, 1925.

Workmen's compensation — relationship — independent contractor — claimant contracted to transport logs at stated price per 1,000 feet — logs were loaded and unloaded by employees of lumber company — company had no control over claimant's movements or time he worked — claimant was independent contractor — Workmen's Compensation Law, § 56, not applicable.

The claimant was an independent contractor in transporting logs for a lumber company and is not entitled to compensation for an injury suffered while engaged in that work, since it appears that he was engaged by the lumber company to transport the logs at a stated price per 1,000 feet; that while the lumber company's employees loaded and unloaded the logs, the company had no control over the movements of the claimant or over the time he worked or the time he could take in transporting the logs.

Section 56 of the Workmen's Compensation Law has no application.

Appeal by the Blount Lumber Company and another from an award of the State Industrial Board, made on the 6th day of February, 1924.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Cochrane, P. J.:

The defense is that claimant was an independent contractor.

The Blount Lumber Company was engaged in lumbering operations. Claimant was a farmer and with other farmers contracted to draw logs for the lumber company from Smartville where the logs were cut to the plant of the company in Lacona, a distance of about five miles. Claimant furnished his own team and for the services of himself and team was paid five dollars per 1,000 feet. The logs were loaded and unloaded by employees of the lumber company. The only duty of claimant was to transport them. While drawing the second load one of the logs fell off the sleigh, injuring the claimant, for which injury he seeks compensation. An interval of five or six days had occurred between the first and second loads. Claimant was at liberty to work when and as fast as he pleased. He might draw one or three loads a day. He could select his own hours as well as his own days, the only limitation

being such hours as the employees of the lumber company were on hand to load or unload the logs. He passed his residence in the course of transportation and might deliver the logs in two hours or two days as suited his convenience if he desired to delay the transportation of a load over night at his residence. He might use his own team or that of another or might procure a substitute for himself. As a matter of fact after the accident he hired and paid another man to take his place. This seems to be a case where the claimant was responsible to the lumber company only for the result of his work and not for the method or details of its accomplishment. The lumber company had no control over claimant from the time he started on his trip until he reached his destination. The fact that the lumber company loaded and unloaded the logs cannot affect the relation of the parties. That was incidental to the transportation. As to that the lumber company had no power to give directions as to the manner of performance. It was entirely within the discretion of claimant. He represented his own will in everything except the result of his work. The contention that he was an independent contractor is, therefore, sustained. (*Matter of Beach* v. *Velzy*, 238 N. Y. 100.) And inasmuch as he was a contractor, section 56 of the Workmen's Compensation Law has no application.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.