Before STATE INDUSTRIAL BOARD, Respondent.

MARTIN T. MAHONEY, Respondent, v. HARVEY B. DAYCOCK, Appellant.

Third Department, July 1, 1925.

Workmen's compensation — relationship — independent contractor — metal broker representing roller door company sent claimant to building to repair door — claimant was engaged to do particular piece of work and was not under control or in employ of metal broker — claimant was independent contractor.

The claimant was an independent contractor when he suffered injuries while repairing a roller door, since it appears that he was engaged by a metal broker, who represented a roller door company, to go to a building to repair a door, and that he was not at that time in the employ or under the control of the metal broker but was engaged merely to do the particular piece of work in question.

APPEAL by Harvey B. Daycock from an award of the State Industrial Board, made on the 12th day of September, 1924, for permanent loss of seven-twenty-fourths use of claimant's left hand and one-third use of his left leg.

*Zabriskie, Sage, Gray & Todd* [*B. Jermain Savage, Franklin F. Russell* and *M. M. Messinger, Jr.,* of counsel], for the appellant and for Edwards Manufacturing Company.

*Albert Ottinger, Attorney-General* [*E. C. Aiken* and *Alexander A. Tausky, Deputies Attorney-General,* of counsel], for the respondent State Industrial Board.

*John H. Conroy,* for the claimant, respondent.

*Frank J. O'Neill,* for Hills Brothers Company and another.

McCANN, J.:

The appellant was engaged in business as a metal broker under the name of W. H. Daycock, Jr. He represented several companies, among which was the Edwards Manufacturing Company. He worked on commission and received no salary. The claimant was a mechanic. He received injuries on April 12, 1921, while repairing some roller doors in the plant of Hills Brothers Company. The claim is contested on the ground that the claimant was an independent contractor; that in no event was the appellant liable as employer; that claimant was engaged in no hazardous employment; that the claimant is bound by his election to treat the Edwards Manufacturing Company as his employer by beginning an action against it which action was later discontinued.

Some time prior to the accident Hills Brothers Company made a contract with the Turner Construction Company for the erection of a building. The latter company made a subcontract with the Edwards Manufacturing Company for the installation of certain roller doors. The work was performed and paid for. It became necessary to make certain repairs to one of such doors and a representative of Hills Brothers Company called upon the supervising architects of the building and asked them to put the door in proper shape. They communicated with the Turner Construction Company and finding that its charge for making such repairs was too large, they then called upon the subcontractor, the Edwards Manufacturing Company, and arranged with it verbally, and confirmed it later by a letter requesting the Edwards Manufacturing Company to send "the sprocket necessary for the repair of the rolling steel shutter in the above-building and a competent mechanic who can properly install the sprocket with the assistance of the owner's employees. It is understood that the cost of the sprocket to the owners is $8, and that the wages of the man whom you send will be paid by the Hills Brothers Company. Please direct your man to inquire for Mr. Huen who will arrange for assistance in installation." Thereupon the appellant, the New York representative of the Edwards Manufacturing Company, sent the claimant, who had formerly worked for the said Edwards Manufacturing Company, to the factory of Hills Brothers Company to get the broken sprocket. The appellant then ordered a new sprocket and upon receipt thereof telephoned to claimant to come to his office, get the sprocket and take it to Hills Brothers Company factory and install it. The claimant did so and while engaged in such work he was injured. Both the Edwards Manufacturing Company and the Hills Brothers Company were insured by the Royal Indemnity Insurance Company and during the course of this controversy several awards were made — one against the Edwards Manufacturing Company and the Royal Indemnity Company; one against Daycock and the Hills Brothers Company; and one against the Hills Brothers Company and the Royal Indemnity Company. All of these awards have been rescinded except the one against the present appellant, Daycock. It is from that award that this appeal is taken. The findings are to the effect that Harvey B. Daycock was the employer.

The claimant was an independent contractor. At the time of the engagement of his services in this matter he was not in the employ of Hills Brothers Company, of the Edwards Manufacturing Company, or of Mr. Daycock. It was through Mr. Daycock that the services were engaged. The Edwards Manufacturing Com-

MAHONEY *v.* DAYCOCK. **503**

App. Div. 501]   Third Department, July, 1925.

pany was in no way connected with the transaction except to sell the eight-dollar sprocket. Hills Brothers Company was interested to the extent that it was to pay for the sprocket and all labor and that a man was to be sent to install it. Hills Brothers Company was to furnish a man from its own factory to assist the expert in such installation; such amount to be paid for the sprocket as already stated and the wages to be paid the claimant of nine dollars a day as found by the Industrial Board. Claimant agreed to do a specific piece of work. He had absolute control of the work and of his helper. He swore that he " supervised the work. They didn't have to tell me. I could go any time I wanted to. I would finish when I thought the work was done. I am a mechanic." (*Matter of Litts* v. *Risley Lumber Co.*, 224 N. Y. 321.) The claimant was injured before he had proceeded far with his work. The work was completed by somebody else and paid for by Hills Brothers Company. This is in accordance with the agreement in the first instance and was carried out to the letter. Furthermore, Daycock was in no way interested in the matter as employer. He received no compensation. He testified that the work was done by him without charge for the reason he wanted to keep in the good graces of the architects who had requested the repairs to be made.

The claimant did not rely upon Mr. Daycock. He testified that he knew the latter was the agent of the Edwards Manufacturing Company. He had repaired other doors manufactured by the Edwards Manufacturing Company and by other companies, at the request of Mr. Daycock. He swore that he did not know that Daycock ever worked for any one else but the Edwards Manufacturing Company. In response to the question, " Who did you work for? " he answered, " I worked for Daycock as superintendent or manager for the agent, for Edwards Manufacturing Company. I worked for Edwards & Company but not for Daycock." Also in response to a question whether Daycock was a broker and not acting individually he replied, " I don't know what he was but he had a sign ' Edwards Rolling Door Co.' * * * He was an agent for them." He also testified that he knew on this occasion that it was an Edwards door that he was going to fix.

It is highly probable that he relied upon the Edwards Company as his employer upon this occasion as is evidenced by the fact that he commenced an action against such company to recover damages. This action was subsequently discontinued. In response to many questions as to who employed him he replied that Daycock was the one who sent him to the job, that Daycock was the one who employed him, or similar answers, all of which were in the nature of conclusions. The facts show that Daycock was not the

Third Department, July, 1925.                    [Vol. 213

employer. The same view as to the liability of Daycock was also taken by Mr. Curtis, attorney for the claimant, as is shown by a statement made by him upon one of the hearings as follows: " I think it is absurd to hold Mr. Daycock as liable."

Other questions have arisen on this appeal which are unnecessary to discuss. It is clear that the claimant is an independent contractor and furthermore that the appellant cannot in any way be held as an employer.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.