In the Matter of the Claim of MELVIN M. NEWLAND, Respondent, against SAMUEL H. BEAR, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 11, 1926.

Workmen's compensation — relationship — claimant was employed by defendant to do painting — evidence does not show that defendant had control of claimant while on job — claimant was independent contractor — fact that claimant was paid by hour does not necessarily show that he was employee — evidence was insufficient to support finding that claimant was employee.

The evidence before the State Industrial Board was insufficient to support the finding that the claimant was an employee at the time he suffered an injury by falling from a roof which he was painting. The burden was on the claimant to establish a contract of employment. That burden was not sustained by evidence to the effect that the alleged employer engaged the claimant to paint certain buildings and roofs of buildings, there being no evidence as to whether or not the alleged employer was the owner of the buildings or was engaged in repairing buildings for pecuniary gain. Furthermore, it appears that the claimant owned his own tools and that the alleged employer did not exercise any authority over the claimant while he was engaged in the work but merely inspected the work from time to time. There was also evidence not positively denied that the claimant assumed all liability for accidents.

The fact that claimant was paid for his services by the hour does not necessarily establish that he was an employee rather than an independent contractor.

APPEAL by Samuel H. Bear from an award of the State Industrial Board, made on the 28th day of July, 1925.

*George I. Teter* [*W. Smith O'Brien* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the State Industrial Board.

HINMAN, J.  The question is whether claimant's status was that of employee or independent contractor.  The State Industrial Board has found that claimant " was employed by Samuel Bear, engaged in the maintenance and repair of buildings for pecuniary gain, with an office and place of business located at Geneva, New York; " that claimant " was employed as a painter," and that on the day of his accident in falling from a roof which he was painting, claimant " was working for his employer at one of his employer's buildings."

The burden was upon the claimant to establish a contract of employment and we think the record fails to disclose facts from which it may be inferred that claimant's status was that of employee rather than independent contractor.  The evidence does not disclose the status of Bear.  We cannot tell from the record whether he owned the houses which were to be painted or whether he represented the owner as agent or whether, as the Board has found, he was " engaged in the maintenance and repair of buildings for pecuniary gain."  There is no evidence to sustain that finding. All we know from the record is that Bear desired to have four half-houses, four half-roofs, painted and one house receive a coat of paint if the weather permitted.  Whether this was pursuant to a business in which he was engaged for pecuniary gain as an employer of labor as such cannot be determined.  He may have been the owner of the property and owners of such property ordinarily have such work done by the job and not under their own direction and control as to the method or means of doing the work.  There is evidence that claimant had been doing such work as a painter contractor.  He had been a painter for about twelve years.  He had his own ladders as well as brushes.  Bear borrowed one of his ladders with the apparent purpose of helping but the character of his contemplated participation does not appear.  There is no reason to assume from the record that Bear contemplated taking charge of the job and giving directions to claimant as to the method of doing the work.  In fact Bear was not there when the claimant started to work.  He arrived shortly thereafter and stayed only a few minutes and later in the day he returned and again stayed a few minutes.  It is not shown that he gave any directions as to the method or means of doing the work on any occasion.  The only directions received by claimant were to inform him about what roofs Bear wanted painted and which one to paint first.  No particular

time was set for commencing or completing the job. Claimant said he would be glad to do the work and would start as soon as he could. On October 24, 1924, which was the day he commenced work, Bear found him on the job. He was injured on that day after working about six hours. According to the testimony of Bear, which is not positively denied by claimant, the latter assumed all liability for accidents. If true, this tends to show that claimant regarded himself as a contractor. That claimant was to be paid at the rate of eighty-five cents an hour could make no difference, if Bear did not assume to control the job. (*Matter of Beach* v. *Velzy*, 238 N. Y. 100, 104.) We think that in the present state of the record the State Industrial Board could not fairly infer that claimant was an employee of Bear rather than an independent contractor.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.