In the Matter of the Claim of NETTIE LICHTENAGER, Respondent, against SAMUEL SILVERMAN and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, December 30, 1931.

*Frank L. Ward,* for the appellants.

*John J. Bennett, Jr.,* Attorney-General [*Joseph A. McLaughlin,* Assistant Attorney-General, and *Abraham Brekstone* of counsel], for the respondents.

VAN KIRK, P. J.   The controlling question in the case is whether or not the deceased was an independent contractor. Samuel Silverman is the alleged employer. The deceased had performed and completed a job on a Sunday. While going from this job to Silverman's office, he was struck by an automobile and killed.

Silverman was a dealer in " floor coverings " and, when deceased took a job, he charged therefor the price of the linoleum plus the amount paid deceased. He made no profit on the work done. Deceased was an expert in laying floor linoleum. He took each job separately and was paid a fixed price per yard for the linoleum he laid. If the deceased needed additional help on any job, he employed such help and paid them, no charge therefor being made against Silverman. The deceased was given no instructions as to the method or manner of doing the job. He knew more about how to do the work than did Silverman. He had full control of himself and his helpers and was not subject to discharge; Silverman reserved no right to discharge him for failure to properly perform. Deceased was told of the job and was furnished the materials. No instructions were given him as to when the job was to be finished. He worked occasionally on Sunday and during evenings, but received no extra pay for extra hours. He did not work regularly for Silverman and he received no pay, except as above stated. He had his own bag of tools, except one or two larger implements which he occasionally had from Silverman. He did not report regularly at Silverman's place of business, though frequently there. Silverman had a regular employee who did much of this kind of work and deceased was called upon only when Silverman needed extra help. Deceased did like jobs for others, engaged in the same kind of business as was Silverman, and was paid in like manner therefor. In the employer's report his regular occupation was denominated " contractor " and the carrier's auditor found that he was entered on Silverman's books as a contractor. His name was not carried on Silverman's payroll and his earnings were not used in the calculation of the premium upon the carrier's policy. We think he was an independent contractor. (*Matter of Beach* v.

*Velzy*, 238 N. Y. 100; *Matter of Litts* v. *Risley Lumber Co.*, 224 id. 321.)

If we are right in this view of the case, the other questions raised by the appellants are not material.

The award and decision should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur, except, HILL and RHODES, JJ., who dissent and vote for affirmance on the ground that the deceased was an employee.

Award reversed and claim dismissed, with costs against the State Industrial Board.