Frederic T. Henry, J.
The plaintiff sues to recover a balance alleged to be due it for premiums on workmen’s compensation insurance policies issued by it for the defendant. The defendant is engaged in the trucking business. He owns and operates some vehicles but leases additional vehicles under an “equipment lease ’ ’. The form of this lease covers a single outbound trip and provides that the lessor shall furnish the equipment, fuel, repairs and drivers. In the instances where the lessor hired drivers to operate the leased equipment, certificates of workmen’s compensation coverage were furnished by the lessor. As to the payments to these lessors, there is no dispute. The controversy arises from payments under leases of owner-operated equipment. The plaintiff, upon an audit of defendant’s records to determine his payroll and the amount of the premiums due, included one-third of the payments made by defendant for hire of owner-operated equipment. Defendant contends that the owner-operators are independent contractors, not covered by the Workmen’s Compensation Law, and that payments to them are not includible in his payroll.
The policies issued provided that the insurance was made subject to the Manual of Rules established by the Compensation Insurance Rating Board and approved by the Superintendent of Insurance. Such rules thereby became a part of the insurance contract and bind both plaintiff and defendant. (Commissioners of State Ins. Fund v. Mascali-Robke Co., 208 Misc. 316.) One of the rules appearing in the manual is as follows: “If vehicles, including drivers, chauffeurs and helpers are employed under contract and if the owner of said vehicles has not insured his workmen’s compensation obligation and furnished evidence of such insurance, the actual payroll of the drivers, chauffeurs and *704 helpers shall be included in the payroll of the insured employer at the proper rate for the operations in which they are engaged. If such payroll cannot be obtained, one-third (%) of the total amount paid for the hire of such vehicles under contract shall be considered as the payroll of the drivers, chauffeurs and helpers.” (Compensation Insurance Rating Board, Manual of Rules, p. RIO.)
Plaintiff contends that this rule is applicable to owners operating their own trucks under contract whether or not they may be independent contractors and also contends that since the rule became a part of the contract, the court may not determine if such owner-operators are covered by the workmen’s compensation insurance policy. Without answering the question of whether the parties may contract as to premium for payments not otherwise covered by workmen’s compensation, the meaning of the rule, as with any other part of the insurance contract, may be construed by the court. The rule provides that one third of the payments for hire of vehicles shall be included in the payroll of the insured only if the owner of the vehicle under contract has not insured his workmen’s compensation obligation, thus implementing section 56 of the Workmen’s Compensation Law. That section imposes liability to pay compensation upon the prime contractor unless his subcontractor secures compensation. The subcontractor cannot recover compensation for an injury to himself, however, under the provisions of section 56. (Daly v. Blount Lumber Co., 213 App. Div. 486.) A self-employed independent contractor with no employees is not an employer within the definition of subdivision 3 of section 2 of the Workmen’s Compensation Law, and has no “ workmen’s compensation obligation”. Therefore, if the owner operators are in fact independent contractors, no part of the payments to them should have been included in defendant’s payroll. Citing Commissioners of State Ins. Fund v. Mascali-Robke Co., (208 Misc. 316, supra), plaintiff contends that defendant failed to exhaust his administrative remedy and may not maintain his defense in this action. The Manual of Rules provides a system of review for erroneous classification and rates, but the question before the court concerns neither of these. If the owner-operators are not employees, they are not within the coverage of the Workmen’s Compensation Law, the policies issued by plaintiff or the rules of the Compensation Insurance Rating Board. The court does not construe “classification” to be synonymous with “coverage”. Determinations as to coverage were not intended to be delegated by the Superintendent of Insurance to the Compensation Insurance Rating Board. The controversy before this court *705 does not involve a mere classification within the meaning of the rule requiring complaints to be submitted to the Eating Board and defendant is entitled to a trial upon the issues raised by his defense in this action.
The motion for summary judgment should be denied, with $10 costs to the defendant. Let an order enter accordingly.