Van Voorhis, J. (dissenting).
The question is whether the claim should be dismissed upon the ground that the claimant is an independent contractor instead of an employee. He is a farmer who owned and operated his own farm and occasionally agreed with other farmers to do jobs for them with his farm machinery. The majority of the Workmen’s Compensation Board found that in doing so he entered into an employer-employee relationship. The dissenting member of the board considered that the evidence indicated that he was an independent contractor. In my judgment he became an independent contractor as matter of law.
Claimant was a self-employed farmer. He owned a piece of farm machinery designed to make the soil more loose and friable, called a rotortiller. Not every farmer owns a rotortiller; some own balers, combines or other machines, expensive to buy and subject to rapid depreciation and obsolescence, but essential to modern farming. Only in ease of exceptionally large farms can a farmer afford to own all of the necessary farm machinery. Smaller farmers are obliged to rent or to pool their mechanical resources.
Farmer Many called on claimant to use his rotortiller on several farm lots which he agreed to work at his standard rate of $15 an hour which he told Many amounted to about $15 an acre. Many told claimant what fields to till and when the work was to be begun but was not present at the start nor at any time *801 during the progress of the work, and exercised no supervision or control over the manner in which claimant operated the rotor-tiller. It rained during the night before the day of the accident. In the morning claimant asked Many if he thought it was too wet to work the ground, to which Many replied: “ Well, you know as much about farming as I do. Whenever you think it is ready, go ahead and do it.” The machine struck a boulder, tipped over and claimant was injured.
The dissenting member of the Workmen’s Compensation Board stated: ‘ The element of supervision and control necessary to establish employer-employee relationship in these borderline cases is lacking.” In my view that statement is correct. The factors spelling an independent contractor relationship under the decided cases are present. The claimant furnished valuable machinery, supplied the fuel for its operation and operated it himself. Only the end result was prescribed by farmer Many, who told claimant what lots were to be tilled but retained no power to control the details of the work nor to discharge claimant before the work had been completed. It was to be finished when claimant was able to finish it. It was left to claimant’s discretion whether to work on the day of the accident, in view of the condition of the soil after rain. Many knew that claimant rotortilled other farms and had heard what a good job he did. He contracted with claimant to till his fields. He was interested only in the final result, leaving to the claimant the method of doing the work.
"The same rules define this relationship in workmen’s compensation as at common law (Matter of Duffy v. Kedenburg, 278 App. Div. 31, 34; Matter of Beach v. Velzy, 238 N. Y. 100; Matter of Litts v. Risley Lbr. Co., 224 N. Y. 321, 324; Matter of Manning v. Whalen, 259 App. Div. 490, 492). Present- here are the distinguishing features of independent contraotorship prescribed by the decisions applying these rules to the Workmen’s Compensation Law itself. The opinion in Matter of Beach v. Velsy (supra, p. 105, per Pound, J.) noted that owners of property must at times call in painters, carpenters, plumbers and other skilled workmen to perform work which is ordinarily done by the job, adding: “ If the property owner employs men to work for him without reference to any given piece of work and under bis direction and control, he knows that he is an employer of labor and is in a position to protect himself from *802 liability for injuries sustained by them in the course of their employment. The doctrine of liability without fault should not be stretched beyond the limits established by the legislature in order to cover eases of hardship which are not provided for.” That reasoning is applicable to the present case, where, besides the factors there present, we have the added important circumstance that claimant operated his own machinery on Many’s property. In Beach v. Velsy {supra) it was said: “That the work was to be paid for by the hour could make no difference. It did not give the appellant control over the job ” (p. 104). Payment on an hourly basis was likewise held to be not controlling in Matter of Newland v. Bear (218 App. Div. 308) or in Hungerford v. Bonn (183 App. Div. 818, 821). Especially irrelevant is that factor where, as here, the hourly charge was chiefly for the rental of the rotor-tiller. Bulldozers, cranes, trucks and other mobile equipment are usually rented with the operator at a specified sum per hour, but their owners do not thereby cease to be independent contractors. Other decisions defining the independent contractor’s status in accordance with the above are: Matter of Mace v. Morrison & Fleming (267 App. Div. 29, affd. 293 N. Y. 844); Matter of Sullivan Co. (289 N. Y. 110); Matter of Lichtenager v. Silverman (234 App. Div. 127, affd. 260 N. Y. 667); Matter of Renouf v. New York Cent. R. R. Co. (254 N. Y. 349); Matter of Jenny v. Order of Minor Conventuals (247 N. Y. 582); Matter of Rheinwald v. Builders’ Brick & Supply Co. (223 N .Y. 572); Matter of Empie v. Cossart (259 App. Div. 941); Matter of Keefer v. Boyd & Whipple (257 App. Div. 879); Mahoney v. Daycock (213 App. Div. 501); Adel v. Rubin (210 App. Div. 499), and Matter of Prince v. Schwartz (190 App. Div. 820). In each of the cases cited, the claimant was denied workmen’s compensation for the reason that he was held to be an independent contractor for reasons applicable to the claim at bar. In many of them the claimant furnished his own equipment. In Matter of Sullivan v. Glens Falls Portland Cement Co. (202 App. Div. 854, affd. 234 N. Y. 552), the claimant-owned a farm on which he had an ensilage cutter which he hired out for use to another farmer. He was held to be an independent contractor. In Matter of Van Valkenburgh v. New York State Vocational School (256 App. Div. 1008), the claim was dismissed upon the same ground in .the ease of a farmer who owned a threshing machine, with which he did commercial threshing for other farmers.
*803 A truck driver who rented out his truck, driving it himself, was held to be an independent contractor in Matter of Kavanaugh v. Belden (231 App. Div. 412). The same was held in the case of a farmer who agreed to haul logs with his own equipment in Daly v. Blount Lbr. Co. (213 App. Div. 486), and of the owner and driver of an automobile truck who hired it out to haul garbage for a stock farmer in Halletz v. Wiseman (193 App. Div. 4).
This array of authorities, more nearly resembling this claim than the oases cited in the majority memorandum, has not heretofore been left behind. There is no substantial evidence here to support the finding of the majority of the board. Modern mechanized farming is prohibitive in cost and in physical and functional obsolescence, unless the farmer owns more acres than most New York State farmers possess. Hence the ownership of farm machinery frequently requires taking outside jobs like this one, and by such arrangements, often reciprocal, farmers are benefited who own, and likewise those who do not own, farm machinery. Their arrangements are usually informal, and few would be likely to suspect that such a liability as this accompanies the renting of owner-operated farm equipment.
Unfortunate as this accident is, it could as easily have happened to claimant while rotortilling his own farm. Nor is there anything in such relationship with other farmers which, under previous practice and precedent, would lead them to believe that they rather than he should bear the burden of guarding against this eventuality.
The order appealed from should be reversed and the claim dismissed.
Order affirmed.