■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant, v WIZ CONSTRUCTION COMPANY, INC., Respondent. [734 NYS2d 769] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion for summary judgment. Plaintiff commenced this action seeking to recover premiums allegedly due under a workers' compensation policy issued by plaintiff to defendant. Plaintiff contends that it is entitled to judgment as a matter of law pursuant to a "notice" that was sent with the subject policy. We disagree. The policy provides that the premium basis includes "all * * * persons engaged in work that could make us liable," while the notice provides that "premium" will be charged under the policy issued by plaintiff for all subcontractors without proof of workers' compensation coverage, regardless of whether those subcontractors are exempt from liability for coverage pursuant to Workers' Compensation Law § 56. Workers' Compensation Law § 56 exempts from liability for coverage self-employed persons without employees, and thus the notice conflicts with

the policy issued by plaintiff. "Every policy of life, accident or health insurance, or contract of annuity, delivered or issued for delivery in this state, shall contain the entire contract between the parties, and nothing shall be incorporated therein by reference to any writing, unless a copy thereof is endorsed upon or attached to the policy or contract when issued" (Insurance Law § 3204 [a] [1]). Here, there is no proof that the notice was "endorsed upon" or "attached to the policy" when the policy was issued, and thus the notice was not properly made a part of the policy.

Although plaintiff met its initial burden on the motion by establishing that there were subcontractors for which no workers compensation coverage was provided, defendant raised an issue of fact whether certain workers were self-employed subcontractors with no employees, and thus need not be provided coverage under the policy at issue pursuant to Workers' Compensation Law § 56 (*see generally, Employers Mut. Liab. Ins. Co. v Bromley,* 4 Misc 2d 702). (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.