In the Matter of the Claim of HAZEL BAUM et al., Claimants, against HERBERT E. WELDEN, Respondent. STATE INDUSTRIAL BOARD, Appellant.

Argued May 17, 1945; decided July 19, 1945.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum and Orrin G. Judd* of counsel), for appellant. I. The Workmen's Compensation Law does not exempt a farmer from the application thereof. It merely excludes " farm laborers " from the definition of an employee (Workmen's Compensation Law, § 2, subd. 4). II. The evidence amply supported the finding of the Industrial Board that the employer was engaged in the hay business for pecuniary gain and that the decedent was employed in a hazardous employment in connection therewith within the scope of the Workmen's Compensation Law. The Appellate Division passed upon a question of fact by holding that the employer was a farmer and that the decedent was engaged in the performance of labor incidental to the operation of the employer's farm. (*Matter of Griffin* v. *Cruikshank Co.,* 253 N. Y. 303; *Matter of Comm. of Tax. & Fin.* v. *Phillips,* 283 N. Y. 673; *Matter of Dispenza* v. *Hancock Life Ins. Co.,* 238 App. Div. 885; *Matter of Miles* v. *Colegrove,* 284 N. Y. 609; *Matter of Butterfield* v. *Brown,* 287 N. Y. 623; *Posey* v. *Moynehan,* 195 App. Div. 440; *Matter of Clarke* v. *Roger I. Sherman, Inc.,* 184 App. Div. 921; *Lewkowitz* v. *Cohen,* 210 App. Div. 803; *O'Dell* v. *Bowman,* 189 App. Div. 386; *Matter of Daus* v. *Gunderman & Sons, Inc.,* 283 N. Y. 459; *Matter of Vroman* v. *Van Alstyne,* 293 N. Y. 837.)

*Merton D. Meeker* for respondent. I. The employer, was, on July 5, 1940, a farmer by occupation and deceased, at the time of the accident which caused his death, was engaged in work incidental to the operation of his employer's farm and not within the provisions of the Workmen's Compensation Law. (*Matter of La Duke* v. *Martin,* 287 N. Y. 546; *Matter of Davis,* 287 N. Y. 778; *Matter of Cross* v. *Whittley,* 261 N. Y. 546; *Matter of McAllister* v. *Cobb,* 237 App. Div. 674; *Mullen* v. *Little,* 186 App. Div. 169; *Coleman* v. *Bartholomew,* 175 App. Div. 122; *Matter of Schmidt* v. *Berger,* 221 N. Y. 26; *Matter of Bargey* v. *Massaro Macaroni Co.,* 218 N. Y. 410; *Geller.* v.

*Republic Novelty Works,* 180 App. Div. 762.) II. The business of dealing in hay is not a hazardous employment within the Workmen's Compensation Law and the employer never engaged four or more workmen, and did not have in his employ four or more workmen on the date of the accident. (*Maloney* v. *Levy & Gilliland Co.,* 176 App. Div. 470; *Casterline* v. *Gillen,* 182 App. Div. 105.)

LOUGHRAN, J. The Appellate Division has annulled an award made under the Workmen's Compensation Law to the widow and mother of Charles Baum who met his death in an accident that arose out of and in the course of his employment. The court said that at the time of the accident Baum was working as a farm laborer. In that view of the case, the claim was not within the reach of the statute, because the word " Employee " — as used therein — does not include farm laborers (§2, subd. 4). The State Industrial Board brought the case here.

The employer owned a farm near the Village of Richfield Springs. He did not make his home on that property. In respect of his use thereof, he gave this testimony: " Q. Now you told the court here you were a farmer. You are also engaged in the hay and grain business? A. No, I sell the hay but no grain. Q. You sell hay? A. Yes. We have a big farm and raise hay and sell it. Q. You say you conduct your business from your farm? A. I conduct the hay business from my farm. Q. But you buy hay and sell it, buy from other persons besides what you raised on your farm? A. Yes. Q. Did you use trucks for that? A. Yes." The employer also baled the hay of other farmers for a price — an activity in which he made use of a piece of apparatus that was driven by a gas motor.

Baum had lived in Richfield Springs and had worked there as a carpenter. Nothing in this record suggests that he had ever been employed on any farm. The occasion on which he lost his life was the first time he had worked for the employer. He was then assisting in the work of removing some metal sheeting from the roof of an obsolete building in the city of Hudson. The employer intended to put the sheeting on buildings on his farm. It does not appear that Baum had been hired to do any part of that job.

The decision of the Board was to this effect: At the time of the accident, Baum was employed as a carpenter; the employer was then engaged in the business of dealing in hay and operating a hay baling machine for pecuniary gain; the employment of Baum was incidental to that hay business and was not incidental to any farm operation. These findings, we think, were at least fairly warranted by the evidence. Section 20 of the statute says: " The decision of the board shall be final as to all questions of fact ". We are obliged, therefore, to restore to the claimants the benefits that were awarded to them by the Board. (*Matter of Uhl* v. *Hartwood Club,* 221 N. Y. 588; *Matter of Griffin* v. *Cruikshank Co.,* 253 N. Y. 303; *Matter of Hamilla* v. *Gade,* 278 N. Y. 502; *Matter of Butterfield* v. *Brown,* 287 N. Y. 623.)

The order of the Appellate Division should be reversed and the award of the State Industrial Board affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly.